1   DAVID SEROR - Bar No. 67488
    JESSICA L. BAGDANOV – Bar No. 281020
2   BRUTZKUS GUBNER
    21650 Oxnard Street, Suite 500
3   Woodland Hills, CA 91367
    Telephone: (818) 827-9000
4   Facsimile:  (818) 827-9099
5   Email:     dseror@bg.law
               jbagdanov@bg.law
6
7   Attorneys for Rosendo Gonzalez, Chapter 7 Trustee

8                   UNITED STATES BANKRUPTCY COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                       LOS ANGELES DIVISION

11  In re:                                    Case No. 2:16-BK-20721-BB

12  CREDITORS SPECIALTY SERVICE, INC.,        Chapter 7

13                        Debtor.             **MOTION FOR ENTRY OF AN ORDER:**
                                              **(1) AUTHORIZING THE PRIVATE SALE**
14                                            **OF PERSONAL PROPERTY FREE AND**
                                              **CLEAR OF ALL LIENS, INTERESTS,**
15                                            **CLAIMS, AND ENCUMBRANCES**
                                              **PURSUANT TO 11 U.S.C. §§ 363(b) AND (f);**
16                                            **AND (2) DETERMINING THAT BUYER IS**
                                              **ENTITLED TO A GOOD FAITH**
17                                            **DETERMINATION PURSUANT TO 11**
                                              **U.S.C. §363(m);**
18
19                                            **MEMORANDUM OF POINTS AND**
                                              **AUTHORITIES; DECLARATIONS OF**
20                                            **ROSENDO GONZALEZ, THEODORE**
                                              **LANES, AND DAVID SEROR IN SUPPORT**
21                                            **THEREOF**
22
23                                            *Application for Order Setting Hearing on*
                                              *Shortened Notice Filed Concurrently Herewith*
24                                            Hearing:
25                                            Date:  [To be set]
                                              Time:  [To be set]
26                                            Place: Courtroom 1539
                                                     United States Bankruptcy Court
27                                                     255 E. Temple Street
28                                                     Los Angeles, CA 90012

1746490

1

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

I.    INTRODUCTION ...........................................................................................................1

II.   FACTUAL BACKGROUND............................................................................................2

    A.    The Bankruptcy Case and Pending Litigation with Stanley, the
        Debtor and CSS Nevada ................................................................................2

    B.    CRO Findings Regarding Debtor's Business and Relation to
        CSS Nevada ....................................................................................................3

III.  TERMS OF AGREEMENT .............................................................................................5

IV.  PROPOSED DISTRIBUTION OF SALE PROCEEDS....................................................6

    A.    Encumbrances Against the Property ...............................................................6

        1.    Judgment Liens ...................................................................................7

        2.    Tax Liens ............................................................................................7

    B.    Subordination of Tax Liens and Anticipated Order of
        Distribution ....................................................................................................8

V.   THE COURT SHOULD AUTHORIZE THE SALE PURSUANT TO
    11 U.S.C. § 363............................................................................................................9

    A.    The Court Should Authorize the Sale of the Property in
        Accordance with the Terms of the Agreement ...........................................9

    B.    The Court Should Authorize the Proposed Sale Free and Clear
        of All Liens, Interests, and Encumbrances Pursuant to 11
        U.S.C. § 363(f)..............................................................................................11

        1.    The Property May be Sold Free and Clear of the IRS Claim and
            SAFE Lien ........................................................................................11

        2.    The Property May be Sold Free and Clear of the Simons Lien
            and any Interest of CSS Nevada Because These Interests are in
            Bona Fide Dispute [11 U.S.C. § 363(f)(4)] ................................11

    C.    The Court Should Find that the Buyer is a Good Faith
        Purchaser......................................................................................................12

VI.  NOTICE.......................................................................................................................13

VII.  CONCLUSION.............................................................................................................13

# TABLE OF AUTHORITIES

Page

## CASES

*In re Alves,*
   52 B.R. 353, 355 (Bankr. D.R.I. 1985) ................................................................10

*In re Bino's Inc.,*
   182 B.R. 784, 788 (Bankr. N.D. Ill. 1995) ...........................................................9

*In re Gerwer,*
   898 F.2d 730, 733 (9th Cir.1990) .........................................................................11

*In re Kellogg-Taxe,*
   2014 WL 1016045, at *6 (Bankr. C.D. Cal. Mar. 17, 2014) ...............................12

*In re Pine Coast Enterprise, Ltd.,*
   147 B.R. 30, 33 (Bankr. N.D. Ill. 1992) .............................................................12

*In re Wilde Horse Enterprises, Inc.,*
   136 B.R. 830, 841 (Bankr. C.D. Cal. 1991) ........................................................10

*Kham and Nate's Shoes No. 2 v. First Bank,*
   908 F.2d 1351, 1355 (7th Cir. 1990) ...................................................................13

*Phoenix Steel Corp.,*
   82 B.R. 334, 335-356 (Bankr. D. Del. 1987)......................................................10

*T.C. Investors, et al. v. Joseph, et al. (In re M Capital Corp.),*
   290 B.R. 743 (9th Cir. BAP 2003)......................................................................13

## STATUTES

11 U.S.C. § 363 ............................................................................................ *passim*

11 U.S.C. § 503(b) ....................................................................................................9

11 U.S.C. § 547 ...................................................................................................7, 12

11 U.S.C. § 724 ....................................................................................................8, 9

1  **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE,**

2  **THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED**

3  **PARTIES:**

4      Rosendo Gonzalez, Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of

5  Creditors Specialty Service, Inc. ("Debtor"), hereby moves this Court for an Order authorizing the

6  sale ("Sale") of Debtor's business assets, including all personal property ("Property") to Fidelity

7  Capital Holdings, Inc., dba Fidelity Creditor Service ("Buyer"), pursuant to 11 U.S.C. §§ 363(b)(1)

8  and (f), free and clear of liens, interests, claims, and encumbrances, with such liens, interests, claims,

9  and encumbrances to attach to the Sale proceeds, with the same priority and rights of enforcement as

10  previously existed.

11      In support of the Motion, the Trustee represents as follows:

12  **MEMORANDUM OF POINTS AND AUTHORITIES**

13  **I.    INTRODUCTION**

14      By the Motion, the Trustee proposes to sell the Estate's interest in the Property, which is the

15  Debtor's business assets, consisting of the tangible and intangible personal property of the Debtor

16  including, but not limited to all equipment, goods, the business name, phone and fax numbers, URL,

17  email addresses, database, inventory, supplies, customer lists, collection files, judgments and

18  accounts receivable of the Debtor, to Buyer for a purchase price of One Hundred Seventy-Five

19  Thousand Dollars ($175,000.00) ("Asset Purchase Price"), payable in cash upon the terms set forth

20  in the Term Sheet Re Sale of Business and Releases Re Real Property ("Agreement"), attached

21  hereto as **Exhibit 1.** The Agreement proposes a sale without the opportunity for overbid and free

22  and clear of all liens and encumbrances.

23      The proposed Buyer is a collection services agency headquartered in Burbank, California

24  with 53 years' experience in the industry, and anticipates a smooth transition upon purchase of the

25  Property. *See* Declaration of Rosendo Gonzalez ("Gonzalez Decl.") and **Exhibit 2.** The Trustee

26  requests that the Court find that the Buyer is a good faith purchaser within the meaning of 11 U.S.C.

27  § 363(m) and is entitled to the protections thereof. The Sale proposed herein is not subject to

28  overbid, however the Trustee has not been contacted by any potential overbidder and, in the

1

1    Trustee's business judgment and in light of the special circumstances surrounding this Sale, there are

2    no viable alternative purchasers.

3          In his business judgment, the Trustee believes that the Agreement proposed herein provides

4    maximum benefit to the Estate, and thus respectfully requests that the Court approve the Agreement.

5    **II.    FACTUAL BACKGROUND**

6          **A.    The Bankruptcy Case and Pending Litigation with Stanley, the Debtor and CSS**

7                **Nevada**

8          On August 11, 2016 ("Petition Date"), the Debtor commenced this bankruptcy case by the

9    filing of a voluntary petition under Chapter 11 of the Bankruptcy Code.  The Debtor purported to

10   operate as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

11         On October 7, 2016, the Court entered an order converting the bankruptcy case to one under

12   Chapter 7 of the Bankruptcy Code, having heard the concerns of the Office of the United States

13   Trustee and various creditors that the Debtor had engaged in both pre- and post-petition wrongdoing,

14   including but not limited to, taking collection actions without proper authority from the client and

15   improperly commingling client funds with funds of the Debtor or other entities.

16         Charles Stanley ("Stanley") is the principal and sole shareholder of the Debtor and Creditors

17   Specialty Service of Nevada, Inc. ("CSS Nevada").  As the Court is aware, Stanley has testified

18   under oath on multiple occasions that, prepetition, he caused a transfer of the Debtor's business to

19   CSS Nevada.  In reliance on these admissions (among other evidence), on January 17, 2017, Trustee

20   commenced an adversary proceeding against the Debtor, CSS Nevada, and Stanley, seeking a

21   myriad of relief against the Defendants, including avoidance and recovery of fraudulent transfers

22   (including seeking to avoid the transfer of Debtor's business to CSS Nevada), substantive

23   consolidation, and damages for conversion and related claims.  *Gonzalez v. Creditors Specialty*

24   *Service of Nevada, Inc., et al.*, Adv. No. 2:17-ap-01015-BB ("Adversary Proceeding").

25         On January 26, 2017, the Court entered its *Stipulated Order Appointing Responsible Officer*

26   *in Lieu of Relief Requested in Trustee's Motion for Appointment of Receiver* ("Preliminary

27   Injunction") [Doc. 24, currently filed under seal].  Pursuant to that Order, Theodore Lanes was

28   appointed Chief Responsible Officer ("CRO") for CSS Nevada and has taken control of the

2

1746490

1  business, and the Court issued a preliminary injunction against all Defendants.  Currently pending

2  before the Court is the Trustee's *Emergency Motion for Issuance of Order to Show Cause Re:*

3  *Contempt Against (1) Charles Stanley and (2) Christopher Ware for Violation of Preliminary*

4  *Injunction* [Adv. Doc. 35], which was filed because the Trustee has learned that Stanley, along with

5  a former employee of CSS Nevada, recently stole vast amounts of proprietary data and intellectual

6  property from CSS Nevada, in direct violation of the Preliminary Injunction.

7  　　　　Given this data breach, Buyer has raised concerns as to the integrity of Debtor's business

8  assets, especially its proprietary customer list.  Thus, the Trustee requests that an order approving the

9  Agreement proposed herein explicitly provide that the Property being sold is the exclusive property

10  of the Debtor and that by and through this Sale, Buyer acquires the exclusive right to use, access,

11  and/or dispose of the Property.

12  　　　　**B.　　CRO Findings Regarding Debtor's Business and Relation to CSS Nevada**

13  　　　　The business of the Debtor and CSS Nevada operate out of real property located at 32023

14  Crown Valley Parkway, Acton, California ("Acton Property").  The Acton Property is currently

15  owned by Stanley personally, however the Trustee is informed that a foreclosure is scheduled to take

16  place on March 17, 2017, but it has been continued week to week for the past several weeks.  It is

17  anticipated that the foreclosure will be continued to generally coincide with the hearing on this

18  Motion, but in no event later than March 31, 2017.  Thus the Trustee seeks expedited approval of

19  this Sale.  The Trustee is informed that Buyer may bid at the foreclosure sale to purchase the Acton

20  Property, however Buyer must first purchase the Sale Assets as proposed herein.  Gonzalez Decl.

21  　　　　As noted above, it was originally believed by the Trustee that CSS Nevada was the operating

22  entity, and that the Debtor was merely the remaining shell entity with little to no assets.  This belief

23  was based on Stanley's multiple statements under oath, including testimony at the 341(a) meeting of

24  creditors in this case, that he formed CSS Nevada prepetition and transferred all of the Debtor's

25  business to CSS Nevada for no consideration.[1]

26

27  _____

28  [1] *See Motion for Order (1) Appointing Receiver for Creditors Specialty Service of Nevada, Inc. Pending
Resolution of the Adversary Proceeding; (2) Enjoining Defendants from Interfering with Receiver; and (3)
Granting Preliminary Injunctive Relief* [Adv. Doc. 2] and supporting evidence.

1    Since the CRO's appointment, the CRO has conducted an exhaustive investigation into the

2 business of the Debtor and CSS Nevada, and has determined that in fact no assets were ever

3 transferred to CSS Nevada, and the Debtor is the valuable operating entity.  Specifically, the CRO

4 has discovered that, among other things:

5    •    There are no client contracts in the name of CSS Nevada, except one, which the CRO

6         believes to have been forged;

7    •    There are no assignment agreements from any client transitioning their account from

8         the Debtor entity to CSS Nevada, nor any assignment from the Debtor to CSS

9         Nevada, despite Stanley's prior statements to the contrary;

10   •    On or about December 20, 2016, post-conversion, Stanley signed a contract with a

11        new customer in his capacity as President of Creditors Specialty Service, Inc. (the

12        Debtor);

13   •    The collectors on staff do not identify themselves as calling from CSS Nevada;

14   •    Employee email addresses have remained the same (@csscollect.com); and

15   •    Only after the appointment of the CRO, Stanley caused email signatures to be

16        changed to read "CSS Nevada."

17 *See* Lanes Decl.

18    In light of these facts, the Trustee believes that the Debtor's business—and not CSS

19 Nevada—contains valuable assets that should be liquidated for the benefit of the Estate.

20    Additionally, the CRO discovered evidence of serious and significant mismanagement of the

21 Debtor while Stanley was in control of operations, both pre- and postpetition.  After conducting an

22 exhaustive investigation into the Debtor's QuickBooks files and paper records, as well as the Debt

23 Master system (a standard system in the collection industry used for retention of collection records

24 and calculation of payments owed to clients), the CRO discovered that Stanley has mismanaged this

25 business in a number of ways, including but not limited to: (1) causing client trust statements and

26 accounting records to be manually manipulated on a regular and ongoing basis, so that clients

27 regularly did not receive all payments owed to them on account of collection activity, and

28 (2) wrongfully paying himself from client trust funds and using those funds for his own personal

4

1 | expenses. *See* Lanes Decl. On the date of the CRO's appointment, the Debtor's trust account was

2 | overdrawn by over $5,000. *Id.* The CRO has discovered numerous cease and desist letters sent by

3 | customers who had discovered Stanley's wrongdoing in the Debtor's books and records, and it

4 | appears that Stanley ignored the letters and continued collecting on those accounts prior to the

5 | CRO's appointment.

6 |      Stanley's behavior continued postpetition, and Stanley has even interfered with the CRO's

7 | operation of the business by attempting to divert funds for payment of his personal expenses. For

8 | the month of January, 2017 alone, the CRO discovered that, based on payments received during the

9 | month, the Debtor was out of trust by at least $95,678. For the month of December, 2016, the

10 | Debtor was out of trust in the amount of approximately $91,815. For November, 2016, the Debtor

11 | was out of trust in the amount of approximately $123,108. Thus in the 90-day period prior to the

12 | CRO's appointment, the business was approximately $400,000 out of trust. The CRO believes that

13 | Stanley has operated the business out of trust for many years, at least since 2011. *Id.*

14 |      Notwithstanding Stanley's gross mismanagement, it is also apparent that the Debtor's

15 | business assets have value. Since the CRO's appointment, the CRO has operated the business in

16 | accordance with his fiduciary duties, and has maintained a properly segregated trust account. In just

17 | over one month of having new management at the helm, the Debtor's business has generated a slight

18 | profit on a monthly basis, and the CRO anticipates making distribution to clients in the ordinary

19 | course. *Id.* However, given Stanley's mismanagement and the significant issue of being out of trust,

20 | the Trustee believes that the business itself is not viable. Accordingly, the Sale proposed herein to

21 | Buyer is for the Debtor's personal property business assets.

22 | **III.   TERMS OF AGREEMENT**

23 |      The Trustee and Buyer negotiated a sale of the Estate's interest in the Debtor's personal

24 | property business assets and also provides for certain releases to the Secured Lender. The salient

25 | terms of the Agreement are as follows. To the extent the below conflicts with the Agreement,

26 | **Exhibit 1**, the Agreement shall control.

27 |      1.   Effective Date. The Effective Date of the Agreement ("Effective Date") shall take

28 | place fifteen days after entry of a final order entered by the Bankruptcy Court approving this

1746490

1  Agreement and the acquisition of and upon payment by the Buyer of the Asset Purchase Price,

2  defined below.

3      2.    Bankruptcy Court Approval by April 15, 2017.  The Agreement is subject to

4  Bankruptcy Court approval.  In the event Court approval is not obtained on or before April 15, 2017,

5  Buyer has the right to terminate the Agreement and obtain a refund of the Deposit, defined below.

6      3.    Sale of Business Assets.  In exchange for payment from Buyer in the amount of One

7  Hundred Seventy-Five Thousand Dollars ($175,000.00) ("Asset Purchase Price"), the Trustee shall

8  sell, transfer and convey the Estate's rights, title and interests in the tangible and intangible personal

9  property of the Debtor including, but not limited to all equipment, goods, the business name,

10  inventory, supplies, customer lists, collection files, judgments and accounts receivable of the Debtor,

11  and will execute a Bill of Sale with regard to the same.

12      4.    No Representations or Warranties:  The Property will be sold by the Trustee on an

13  **AS-IS, WHERE-IS** basis, without any representations or warranties regarding the condition of the

14  Property.

15      5.    No Overbid:  The proposed Sale to Buyer is not subject to overbid.

16      6.    Tax Consequences:  The Trustee expresses no opinion as to whether there are tax

17  consequences to the Sale.

18  **IV.    PROPOSED DISTRIBUTION OF SALE PROCEEDS**

19      Given the complex distribution issues posed by this Sale discussed in detail below, the

20  Trustee proposes to hold all Sale proceeds in trust for the benefit of the Estate until this case has

21  been fully administered and all pending disputes are resolved.

22      **A.    Encumbrances Against the Property**

23      After conducting a UCC-1 filing search dated December 22, 2016, a true and correct copy of

24  which is attached hereto as **Exhibit 3** ("UCC Report"), the Trustee is informed that the Property is

25  encumbered by judgment liens and potential tax liens, as set forth below.  Except for the following,

26  the Trustee is not aware of any other secured claims:[2]

27  ————————————————

28  [2] The Trustee also recognizes the purported interest of CSS Nevada, based upon the pending Adversary
Proceeding.  As noted below, the Trustee submits this interest is in bona fide dispute pursuant to 11 U.S.C.
§ 363(f)(4).

1
    **1.** Judgment Liens

2
   • Judgment Lien in favor of SAFE Credit Union recorded with the California Secretary

3
of State on October 28, 2015 as Instrument No. 15-7492418273, arising from the action *SAFE Credit*

4
*Union v. Creditors Specialty Service, Inc. at al.*, Sacramento County Superior Court Case No. 34-

5
2014-00161605, in the principal amount of $9,255.18 ("SAFE Lien"), *see* **Exhibit 4**; and

6
   • Judgment Lien in favor of Steven A. Simons, Esq., recorded with the California

7
Secretary of State on June 3, 2016 as Instrument No. 16-7529289958, arising from the action

8
*Squatrito v. Creditors Specialty Service, Inc. et al.*, LASC Case No. PC053171, in the principal

9
amount of $40,808.22 ("Simons Lien"). *See* **Exhibit 5.**

10
    The Trustee submits that the Simons Lien is in bona fide dispute pursuant to 11

11
U.S.C. § 363(f)(4). The Simons Lien appears to be based upon an Amended Abstract of Judgment,

12
and appears to amend and supersede a prior notice of judgment lien in favor of Angel Squatrito (the

13
plaintiff in the underlying action, whereas Steven A. Simons appears to have been plaintiff's counsel

14
of record in the action), recorded with the California Secretary of State on April 3, 2014 as

15
Instrument No. 14-7406147266, arising from the same action. *Id.* However, the Simons Lien was

16
recorded within 90 days of the petition date, and appears to be an avoidable preferential transfer

17
pursuant to 11 U.S.C. § 547. *Id.*

18
    **2.** Tax Liens

19
    Additionally, various tax liens appear to be asserted against the Property upon review of the

20
UCC Report. Specifically, the UCC Report shows potentially valid tax liens held by the Internal

21
Revenue Service ("IRS") and Employment Development Department for the State of California

22
("EDD"). *See* **Exhibit 3.** However, to date, only the IRS has filed a proof of claim asserting a

23
secured claim against the Property. On August 17, 2016, amended October 4, 2016, the IRS filed

24
Proof of Claim No. 1, asserting a secured claim against the Property in the amount of $43,020.07.

25
*See* Proof of Claim No. 1 ("IRS Claim"), attached hereto as **Exhibit 6.** The secured portion of the

26
IRS Claim purports to be based upon tax years 2007 and 2008, and the IRS tax liens attached to the

27
IRS Claim were recorded in 2008. Thus, it appears the IRS Lien is <u>senior</u> to that of the SAFE Lien

28
and Simons Lien.

1746490

The EDD also filed Proof of Claim No. 6 in the bankruptcy case, however this claim is asserted as unsecured in the amount of $102,485.46, with a claimed priority portion totaling $57,413.63, and no secured portion.  Proof of Claim No. 6.

**B.    Subordination of Tax Liens and Anticipated Order of Distribution**

The claims bar date is June 5, 2017.  *See* Notice of Possible Dividend and Order Fixing Time to File Claims [Doc. 97].  Thus, it is possible that other taxing authorities may file secured claims against the Property.  However, upon distribution the IRS Claim and any other claims asserted as secured claims against the Property may be subordinated to costs of administration pursuant to 11 U.S.C. § 724(b).  Specifically, 11 U.S.C. § 724 provides in pertinent part:

> Property in which the estate has an interest and that is subject to a lien that is not avoidable under this title . . . and that secures an allowed claim for a tax, or proceeds of such property, shall be distributed—
>
> (1) first, to any holder of an allowed claim secured by a lien on such property that is not avoidable under this title and that is senior to such tax lien;
>
> (2) second, to any holder of a claim of a kind specified in section 507(a)(1)(C) or 507(a)(2) (except that such expenses under each such section, other than claims for wages, salaries, or commissions that arise after the date of the filing of the petition, shall be limited to expenses incurred under this chapter and shall not include expenses incurred under chapter 11 of this title), 507(a)(1)(A), 507(a)(1)(B), 507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of this title, to the extent of the amount of such allowed tax claim that is secured by such tax lien;
>
> (3) third, to the holder of such tax lien, to any extent that such holder's allowed tax claim that is secured by such tax lien exceeds any amount distributed under paragraph (2) of this subsection;
>
> (4) fourth, to any holder of an allowed claim secured by a lien on such property that is not avoidable under this title and that is junior to such tax lien;
>
> (5) fifth, to the holder of such tax lien, to the extent that such holder's allowed claim secured by such tax lien is not paid under paragraph (3) of this subsection; and
>
> (6) sixth, to the estate.

1746490

1   11 U.S.C. § 724(b).

2       In other words, proceeds from the potential sale of the Property would be paid (1) first, to

3   satisfy costs of administration (11 U.S.C. § 507(a)(1)(C)) and other claimants entitled to priority

4   under 11 U.S.C. § 503(b) (*see* 11 U.S.C. § 507(a)(2)) and the other enumerated provisions of Section

5   507, (2) second, to the IRS Claim because it is senior to the SAFE and Simons Liens, (3) third, to the

6   SAFE and Simons Liens to the extent they are not disputed and to the extent remaining Sale

7   proceeds exist, and (4) fourth, any remainder to the estate. *Id.*

8       Section 724(b) was included in the Bankruptcy Code as a policy decision by Congress to

9   favor the payment of such administrative priority claims, and encourage trustees to liquidate

10   property of the estate for the benefit of such claimants:

11                  The policy behind § 724(b), as was the policy of § 67c(3) [of the
                    former Bankruptcy Act], is to postpone or subordinate the payment
12                  of taxes secured by tax liens for the protection of certain
                    administrative costs and other priority claims. *In re Granite*
13                  *Lumber Company,* 63 B.R. 466, 470 (Bankr.D.Mont.1986). The
                    legislative history indicates that **Congress made a policy decision**
14                  **to favor the claims of wage earners, the costs of administration**
                    **of the estate, and other priority claims over tax liens**. H.R.Rep.
15                  No. 686, 89th Cong., 1st Sess. (1965), U.S.Code & Admin.News at
                    2442, 2462.
16

17       *In re Bino's Inc.*, 182 B.R. 784, 788 (Bankr. N.D. Ill. 1995) (emphasis added).  Thus, the

18   Bankruptcy Code encourages trustees to liquidate property (such as the Property in this case) by

19   allowing costs of administration and other priority claims to be paid prior to payment of tax liens.

20       As discussed herein, the Trustee respectfully submits that the Agreement is in the best

21   interests of this Estate and should be approved pursuant to 11 U.S.C. § 363.

22   **V.      THE COURT SHOULD AUTHORIZE THE SALE PURSUANT TO 11 U.S.C. § 363**

23       **A.      The Court Should Authorize the Sale of the Property in Accordance with the**

24           **Terms of the Agreement**

25       The Trustee submits that the Sale is in the best interests of the Estate and should be approved.

26   Section 363 of the Bankruptcy Code authorizes the Trustee to sell estate property following notice

27   and a hearing on terms that are fair and reasonable and the result of an arms-length transaction.

28   Specifically, Section 363(b)(1) states in pertinent part that: "The trustee, after notice and a hearing,

1  may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11

2  U.S.C. § 363(b)(1).

3      In determining whether the sale of assets outside of the ordinary course of business should be

4  approved, bankruptcy courts usually consider several factors, including: (1) whether a sufficient

5  business reason exists for the sale; and (2) whether the proposed sale is in the best interest of the

6  estate, which in turn consists of the following factors: (a) that terms of the sale are fair and

7  reasonable; (b) that the proposed sale has been adequately marketed; (c) that the proposed sale terms

8  have been properly negotiated and proposed in good faith; and (d) that the purchaser is involved in

9  an arms-length transaction with the seller. *See In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830,

10 841 (Bankr. C.D. Cal. 1991) ("In approving any sale outside the ordinary course of business, the

11 court must not only articulate a sufficient business reason for the sale, it must further find it is in the

12 best interest of the estate, *i.e.*, it is fair and reasonable, that it has been given adequate marketing,

13 that it has been negotiated and proposed in good faith, and that it is an 'arms-length' transaction.");

14 *Matter of Phoenix Steel Corp.*, 82 B.R. 334, 335-356 (Bankr. D. Del. 1987) (In determining whether

15 a proposed sale of equipment is proper under *§ 363*, courts should consider whether the proposed

16 sale is fair and equitable, whether there was a good business reason for completing the sale, and

17 whether the transaction is proposed in good faith.); *In re Alves*, 52 B.R. 353, 355 (Bankr. D.R.I.

18 1985) (whether to approve a sale under § 363 depends upon the integrity of sale and the best interest

19 of bankruptcy estate).

20     In the instant case, the Trustee has satisfied all of the applicable elements discussed above

21 concerning the proposed sale of the Property, and the Trustee has sound reasons for the sale,

22 specifically, to maximize return to the Estate by liquidation of the Property.

23     The Trustee submits that the Asset Purchase Price for the Property offered by Buyers is fair

24 and reasonable and that the sale of the Property was adequately marketed.  As set forth in the

25 Declaration of David Seror ("Seror Decl."), counsel for the Trustee marketed the assets after the

26 appointment of the CRO and during the month of February, 2017.  Trustee's counsel contacted

27 various principals of collection companies as well as general counsel for the California Association

28 of Collectors.  Given the prior mismanagement of the Debtor described above, the Trustee received

10

mostly negative feedback regarding the value of the Debtor's business assets. However, Buyer came

forward with an offer, believing that its posture as an existing and successful collection agency will

enable it to use its experience and expertise to incorporate the acquired Sale Assets into its existing

business. Buyer's offer was the only offer the Trustee received for the purchase of Debtor's

business assets, and the Trustee submits that, under the circumstances, the Sale proposed herein

provides the best possible return to creditors and this Estate and should be approved.

**B.**   **The Court Should Authorize the Proposed Sale Free and Clear of All Liens,**

**Interests, and Encumbrances Pursuant to 11 U.S.C. § 363(f)**

Pursuant to 11 U.S.C. § 363(f), the Trustee may sell the Property free and clear of liens,

interests, claims, and encumbrances, with such liens, interests, claims, and encumbrances to attach to

the Sale proceeds, with the same priority and rights of enforcement as previously existed. The

Trustee submits that the Property may be sold free and clear of all liens and interests for the

following reasons:

**1.**   The Property May be Sold Free and Clear of the IRS Claim and SAFE Lien

Pursuant to 11 U.S.C. § 363(f)(3), the Trustee may sell the Property free and clear of a lien if

the purchase price is greater than all liens on the Property. The Trustee submits that this requirement

has been met because the Asset Purchase Price, $175,000.00, is greater than the combined amount of

all liens asserted against the Property. Thus, the Property may be sold free and clear of the IRS

Claim and the SAFE Lien.

**2.**   The Property May be Sold Free and Clear of the Simons Lien and any Interest

of CSS Nevada Because These Interests are in Bona Fide Dispute [11 U.S.C.

§ 363(f)(4)]

The Trustee may sell the Property free and clear of an interest in property of the Estate if

"such interest is in bona fide dispute." *In re Gerwer*, 898 F.2d 730, 733 (9th Cir.1990).

> In ruling on a motion to sell estate property free and clear under
> § 363(f)(4), 'a court need not determine the probable outcome of
> the dispute, but merely whether one exists.' *In re Octagon Roofing*,
> 123 B.R. 583, 590 (Bankr.N.D.Ill.1991). The parties must provide
> some factual grounds to show some objective basis for the dispute.
> *In re Gaylord Grain L.L.C.*, 306 B.R. 624, 627 (8th Cir. BAP
> 2004). To qualify as a bona fide dispute under § 363(f)(4), the

1746490

1    disputed lien need not be the subject of an immediate or concurrent
     adversary proceeding.

2

3    *In re Kellogg-Taxe*, 2014 WL 1016045, at *6 (Bankr. C.D. Cal. Mar. 17, 2014).[3]

4    The Trustee submits that the Simons Lien is in bona fide dispute pursuant to Section

5    363(f)(4) because it appears to be avoidable as a preference under 11 U.S.C. § 547, as it was

6    recorded within 90 days of the petition date on account of an antecedent debt. The Simons Lien,

7    which is based upon an "amended" abstract of judgment, appears to supersede the prior recorded

8    judgment lien. *See* **Exhibit 5,** which contains (1) the Simons Lien, (2) the "Amended" Abstract of

9    Judgment, and (3) the original notice of judgment lien. The Trustee will conduct additional

10   investigation and commence the appropriate adversary proceeding to determine the validity of this

11   lien.

12   Additionally, the Trustee submits that any interest of CSS Nevada in the Debtor's business is

13   in bona fide dispute pursuant to Section 363(f)(4) because it is currently the subject of the pending

14   Adversary Proceeding. Additionally, as set forth in the Lanes Decl., the purported "transfer" of

15   Debtor's business to CSS Nevada appears never to have occurred. These issues will be litigated in

16   the context of the Adversary Proceeding.

17   Thus, the Trustee submits that the Property may be sold free and clear of the Simons Lien

18   and the purported CSS Nevada interest pursuant to 11 U.S.C. § 363(f)(4). The Trustee will hold

19   proceeds of Sale in trust pending resolution of these disputes.

20   **C.      The Court Should Find that the Buyer is a Good Faith Purchaser**

21   Additionally, pursuant to 11 U.S.C. § 363(m), the Court should make a finding that the Buyer

22   is a good faith purchaser. A purchaser of property is protected from the effects of reversal on appeal

23   of the authorization to sell or lease as long as the Court finds that the purchaser acted in good faith

24   and the appellant fails to obtain a stay of the sale. *See* 11 U.S.C. § 363(m). Although the

25   Bankruptcy Code does not define "good faith," courts have provided guidance as to the appropriate

26   factors to consider. *See In re Pine Coast Enterprise, Ltd.*, 147 B.R. 30, 33 (Bankr. N.D. Ill. 1992)

27   ("The requirement that a purchaser act in good faith speaks to the integrity of its conduct in the

28   ────────────────────────

[3] A copy of this unpublished case is attached hereto as **Exhibit 7.**

1  course of the sale proceeding."); *Kham and Nate's Shoes No. 2 v. First Bank*, 908 F.2d 1351, 1355

2  (7th Cir. 1990) (The purpose of § 363(m) is to disable courts from backtracking on promises with

3  respect to bankruptcy sales in the absence of bad faith).  In *T.C. Investors, et al. v. Joseph, et al. (In*

4  *re M Capital Corp.)*, 290 B.R. 743 (9th Cir. BAP 2003), the Bankruptcy Appellate Panel held that a

5  bankruptcy court may not make a finding of good faith in the absence of evidence, but may make

6  such a finding if appropriate evidence is presented.  290 B.R. at 746–747.

7      In the instant case, the Trustee requests that the Court make a finding that the Buyer is a good

8  faith purchaser within the meaning of Section 363(m).  The Trustee has no relation to the Buyer and

9  did not know the Buyer prior to Buyer's involvement in this bankruptcy case.  The Buyer is a known

10  commodity in the market of the collections business and has experience dealing in this type of asset

11  sale.  Additionally, the Trustee submits that the sale was negotiated at arms-length, and the proposed

12  Asset Purchase Price is fair consideration for the Property.  Gonzalez Decl.  As such, a finding of

13  good faith within the meaning of Section 363(m) is appropriate.

14  **VI.    NOTICE**

15      The Trustee submits that adequate notice of the proposed Sale has been given.  Upon

16  obtaining a hearing date for this Motion, Notice on the Court-approved form F 6004-2 will be

17  submitted to the Court's clerk for publication on the Court's website pursuant to Local Bankruptcy

18  Rule 6004-1(f).  Notice of the Sale will also be posted on the National Association of Bankruptcy

19  Trustees website.  Notice of this Motion will be provided to the Buyer, Secured Lender, all secured

20  lienholders with respect to the Debtor's business assets, the Debtor, the Office of the United States

21  Trustee, and all other interested parties pursuant to Federal Rule of Bankruptcy Procedure 2002(a).

22  **VII.    CONCLUSION**

23      Based on the foregoing, the Trustee respectfully requests that the Court enter an order

24  granting the Motion and:

25      1.    Approving the Sale of the Property as in the best interests of the Estate and its

26  creditors;

27      2.    Authorizing sale of the Estate's interest in the Debtor's business assets, consisting of

28  the tangible and intangible personal property of the Debtor including, but not limited to all

1   equipment, goods, the business name, inventory, supplies, customer lists, collection files, judgments

2   and accounts receivable of the Debtor, to Buyer free and clear of all liens claims, interests, and

3   encumbrances, with such liens, claims, interests, and encumbrances to attach to the sales proceeds,

4   with the same priority and rights of enforcement as previously existed pursuant to 11 U.S.C.

5   §§ 363(b) and (f), for a purchase price of One Hundred Seventy-Five Thousand Dollars

6   ($175,000.00);

7       3.      Providing that the Property is solely and exclusively the Property of the Debtor, and

8   by consummation of the Agreement, Buyer shall obtain the sole and exclusive right to use, access,

9   and/or dispose of the Property;

10      4.      Authorizing sale of the Property to Buyer on an **AS-IS, WHERE-IS** basis, without

11  any representations or warranties by the Trustee;

12      5.      Authorizing the Trustee to execute any and all documents that may be necessary or

13  convenient to consummate the Sale and the Agreement;

14      6.      Authorizing the Trustee to hold the Sale proceeds in trust for the benefit of the Estate

15  pending full administration of this Estate and resolution of disputes;

16      7.      Finding that Buyer is a good faith purchaser of the Property pursuant to 11 U.S.C.

17  § 363(m) and is entitled to all benefits and protections provided thereby;

18      8.      Approving the form and manner of notice provided by the Trustee;

19      9.      Waiving the fourteen-day stay set forth in Federal Rule of Bankruptcy Procedure

20  6004(h); and

21      10.     Granting such other and further relief to the Trustee as the Court deems just and

22  proper under the circumstances.

23  Dated: March 10, 2017                  BRUTZKUS GUBNER

24

25                                          By:  /s/ Jessica L. Bagdanov
26                                               David Seror
                                                 Jessica L. Bagdanov
27                                               Attorneys for Rosendo Gonzalez, Chapter 7
                                                 Trustee
28

14

1746490

1

## **DECLARATION OF ROSENDO GONZALEZ**

2    I, Rosendo Gonzalez, declare:

3    1.    I am the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of

4 Creditors Specialty Service, Inc.  I have personal knowledge of the facts contained herein, or have

5 gained such knowledge from my review of records I normally maintain as Trustee, and if called as a

6 witness, I could and would competently testify to these facts under oath.

7    2.    I make this declaration in support of the Motion to which it is appended.  All initial

8 capitalized terms used but not defined herein shall have the same meaning ascribed to them in the

9 Motion.

10    3.    In light of the findings of the CRO discussed in this Motion and in the Lanes Decl., it

11 is my opinion that the Debtor's business—and not CSS Nevada—contains valuable personal

12 property assets that should be liquidated for the benefit of the Estate.

13    4.    On or about March 10, 2017, I executed the Agreement.  A true and correct copy of

14 the Agreement is attached hereto as **Exhibit 1.**

15    5.    I am informed and believe that the proposed Buyer is a collection services agency

16 headquartered in Burbank, California with 53 years' experience in the industry, and anticipates a

17 smooth transition upon purchase of the Property.  Attached hereto as **Exhibit 2** is a true and correct

18 copy of a description of Buyer and its business I received from Clint Sallee, principal of the Buyer.

19    6.    Based upon the marketing efforts and CRO findings discussed herein, it is my

20 business judgment that the Asset Purchase Price for the Property offered by Buyer is fair and

21 reasonable and that the sale of the Property was adequately marketed, and that the Sale should

22 proceed as a private sale as opposed to subject to overbid.

23    7.    I am informed and believe that a foreclosure is scheduled to take place on March 17,

24 2017, but the foreclosure has been continued week to week for the past several weeks.  It is

25 anticipated that the foreclosure will be continued to generally coincide with the hearing on this

26 Motion, but in no event later than March 31, 2017.  Thus, I am requesting expedited approval of this

27 Sale.  I am also informed and believe that the Buyer may bid at the foreclosure sale to purchase the

28 Acton Property, however Buyer must first purchase the Sale Assets as proposed herein.

1746490

8.    I have not been contacted by any potential overbidder and, in my business judgment and in light of the special circumstances regarding this Sale and its connection to the Acton Property, there are no viable alternative purchasers of the Sale Assets.  The Sale will be marketed on the website for the National Association of Bankruptcy Trustees and in accordance with Local Bankruptcy Rule 6004-1.

9.    I have no relation to the Buyer and I did not know the Buyer prior to its involvement in this bankruptcy case.  The Sale terms set forth in the Agreement were negotiated at arms-length, and I believe the proposed Asset Purchase Price is fair consideration for the Property.

10.    Based thereon, I request that the Motion be approved as in the best interests of the Estate and that Buyer be provided with the protections of 11 U.S.C. § 363(m).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of March, 2017, at Los Angeles, California.

_____
Rosendo Gonzalez

16

1

## DECLARATION OF THEODORE LANES

2        I, Theodore Lanes, declare:

3        1.        I am the duly appointed and acting Chief Responsible Officer ("CRO") for Creditors

4   Specialty Service of Nevada, Inc. ("CSS Nevada").  The facts contained herein are based upon my

5   personal knowledge, and if called as a witness, I would and could competently testify thereto under

6   oath.

7        2.        I make this declaration in support of the Motion to which it is appended.  All initial

8   capitalized terms used but not defined herein have the same meanings ascribed to them in the

9   Motion.

10       3.        I was appointed as CRO on January 26, 2017.  On that date, I visited the Acton

11  Property and took control of all business operations.  The business of the Debtor and CSS Nevada

12  operate out of the Acton Property.  It was originally believed that CSS Nevada was the operating

13  entity, and that the Debtor was merely the remaining shell entity with little to no assets.  This belief

14  was based on Stanley's multiple statements under oath, including testimony at the 341(a) meeting of

15  creditors in this case, that he formed CSS Nevada prepetition and transferred all of the Debtor's

16  business to CSS Nevada for no consideration.[4]

17       4.        Since my appointment, I have conducted an exhaustive investigation into the business

18  of the Debtor and CSS Nevada, and determined that in fact no assets were ever transferred to CSS

19  Nevada, and the Debtor appears to be the operating entity.  Specifically, I discovered that, among

20  other things:

21       •        There are no client contracts in the name of CSS Nevada, except one, which I believe

22               to have been forged;

23       •        There are no assignment agreements from any client transitioning their account from

24               the Debtor entity to CSS Nevada, nor any assignment from the Debtor to CSS

25               Nevada, despite Stanley's prior statements to the contrary;

26

27  ───────────────

28  [4] *See Motion for Order (1) Appointing Receiver for Creditors Specialty Service of Nevada, Inc. Pending Resolution of the Adversary Proceeding; (2) Enjoining Defendants from Interfering with Receiver; and (3) Granting Preliminary Injunctive Relief* [Adv. Doc. 2] and supporting evidence.

17

1746490

- On or about December 20, 2016, post-conversion, Stanley signed a contract with a new customer in his capacity as President of Creditors Specialty Service, Inc. (the Debtor);

- The collectors on staff do not identify themselves as calling from CSS Nevada;

- Employee email addresses have remained the same (@csscollect.com); and

- Post-appointment of the CRO, Stanley caused email signatures to be changed to read "CSS Nevada."

5.    Additionally, I discovered evidence of serious historical mismanagement of the Debtor while Stanley was in control of operations, both pre- and postpetition. After conducting an exhaustive investigation into the Debtor's QuickBooks files and paper records, as well as the Debt Master system (a standard system in the collection industry used for retention of collection records and calculation of payments owed to clients), I discovered that Stanley has mismanaged this business in a number of ways, including but not limited to: (1) causing client trust statements and accounting records to be manually manipulated on a regular and ongoing basis, so that clients regularly did not receive all payments owed to them on account of collection activity, and (2) wrongfully paying himself from client trust funds and using those funds for his own personal expenses.

6.    On the date of my appointment, the Debtor's trust account was overdrawn by over $5,000. In Debtor's books and records I also discovered numerous cease and desist letters sent by customers who had discovered Stanley's wrongdoing, but it appears that Stanley ignored the letters and continued collecting on those accounts prior to my appointment.

7.    Stanley's behavior continued postpetition, and Stanley has interfered with my operation of the business by attempting to divert client funds for payment of his and his family's personal expenses. For the month of January, 2017 alone, based on payments received during the month, the Debtor was out of trust by at least $95,678. For the month of December, 2016, the Debtor was out of trust in the amount of approximately $91,815. For November, 2016, the Debtor was out of trust in the amount of approximately $123,108. Thus in the 90-day period prior to my appointment, the business was approximately $400,000 out of trust. I believe that Stanley has

1746490

1  operated the business out of trust for many years, at least since 2011.

2       8.      Notwithstanding Stanley's gross mismanagement, the Debtor's business assets have

3  value if operated legitimately.  Since my appointment, I have operated the business in accordance

4  with my fiduciary duties, and have maintained a properly segregated trust account.  In just over one

5  month of having new management, the Debtor's business has operated at a slight profit on a monthly

6  basis, and I anticipate making distribution to clients in the ordinary course.

7       I declare under penalty of perjury under the laws of the United States of America that the

8  foregoing is true and correct.

9       Executed this 10th day of March, 2017, at Los Angeles, California.

10

11

12  _____

13  Theodore Lanes

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF DAVID SEROR

I, David Seror, declare:

1.      I am an attorney duly licensed to practice before all courts of the State of California and this Court. I am a partner in the firm Brutzkus Gubner Rozansky Seror Weber LLP, counsel of record to Rosendo Gonzalez, Chapter 7 Trustee. I have personal knowledge of the facts contained in this declaration and if called as a witness, would and could competently testify thereto under oath.

2.      I make this declaration in support of the Motion to which it is appended. All initial capitalized terms used but not defined herein have the same meanings ascribed to them in the Motion.

3.      In my capacity as counsel for the Trustee, after the CRO's appointment over CSS Nevada and during the month of February, 2017, I contacted numerous individuals in the collection business in an attempt to market the Debtor's personal property assets for sale. Specifically, I spoke with: Charles Klaus, principal of Credit Management Association, Brian L. Mitteldorf, principal of Creditors Adjustment Bureau, and Thomas P. Griffen, general counsel for the California Association of Collectors. I am informed and believe that Mr. Klaus called additional potential purchasers on the Trustee's behalf in an attempt to market the Property. I advised all individuals of the status of Debtor's business, specifically that it had been subjected to severe mismanagement by Stanley and was out of trust prior to the CRO's appointment. Additionally, I advised these individuals that the Debtor's books and records were in disarray, and that there was evidence that Stanley altered the books on a regular basis.

4.      Given the prior mismanagement of the Debtor, I received little interest in the assets, and was provided with mostly negative feedback regarding the value of the Debtor's business assets. However, Buyer came forward with an offer, believing that its posture as an existing and successful collection agency enables it to use its experience and expertise to incorporate Debtor's business assets as a successful part of its existing business. Buyer's offer was the only offer I received for the purchase of Debtor's business.

5.      With regard to liens secured by the Property, my office conducted a UCC-1 filing search on or about December 22, 2016, a true and correct copy of which is attached hereto as

1746490

1 | **Exhibit 3** ("UCC Report").  Based on the UCC Report, I am informed that the Property is

2 | encumbered by judgment liens and potential tax liens, as set forth below:

3 | • Judgment Lien in favor of SAFE Credit Union recorded with the California Secretary

4 | of State on October 28, 2015 as Instrument No. 15-7492418273, arising from the action *SAFE Credit*

5 | *Union v. Creditors Specialty Service, Inc. at al.*, Sacramento County Superior Court Case No. 34-

6 | 2014-00161605, in the principal amount of $9,255.18 ("SAFE Lien"), a true and correct copy of

7 | which is attached hereto as **Exhibit 4**;

8 | • Judgment Lien in favor of Steven A. Simons, Esq., recorded with the California

9 | Secretary of State on June 3, 2016 as Instrument No. 16-7529289958, arising from the action

10 | *Squatrito v. Creditors Specialty Service, Inc. et al.*, LASC Case No. PC053171, in the principal

11 | amount of $40,808.22 ("Simons Lien"), a true and correct copy of which is attached hereto as

12 | **Exhibit 5.**

13 | 7. Additionally, various tax liens appear to be asserted against the Property upon review

14 | of the UCC Report.  Specifically, the UCC Report shows potentially valid tax liens held by the

15 | Internal Revenue Service ("IRS") and Employment Development Department for the State of

16 | California ("EDD").  *See* **Exhibit 3.**  However, to date, only the IRS has filed a proof of claim

17 | asserting a secured claim against the Property.  On August 17, 2016, amended October 4, 2016, the

18 | IRS filed Proof of Claim No. 1, asserting a secured claim against the Property in the amount of

19 | $43,020.07.  *See* Proof of Claim No. 1 ("IRS Claim"), attached hereto as **Exhibit 6.**  The secured

20 | portion of the IRS Claim purports to be based upon tax years 2007 and 2008, and the IRS tax liens

21 | attached to the IRS Claim were recorded in 2008.  Thus, it appears the IRS Lien is <u>senior</u> to that of

22 | the SAFE Lien and Simons Lien.

23 | 8. Finally, a true and correct copy of the unreported case cited herein, *In re Kellogg-*

24 | *Taxe*, 2014 WL 1016045, at *6 (Bankr. C.D. Cal. Mar. 17, 2014), is attached hereto as **Exhibit 7.**

25 | I declare under penalty of perjury under the laws of the United States of America that the

26 | foregoing is true and correct.  Executed this 10th day of March, 2017, at Woodland Hills, California.

27 |

28 |

David Seror

21

TERM SHEET RE SALE OF BUSINESS

This Term Sheet ("Agreement"), dated March 10, 2017, confirms the agreement by and between Rosendo Gonzalez, Chapter 7 Trustee for the bankruptcy estate ("Estate") of debtor Creditors Specialty Service, Inc. ("Trustee") (Bankr. Case No. 2:16-bk-20721-BB), and Fidelity Capital Holdings, Inc., dba Fidelity Creditor Service ("Buyer) collectively with the Trustee, ("Parties") regarding the sale of business assets of Creditors Specialty Service, Inc., a California corporation ("Debtor").  The Parties hereby agree as follows:

Subject to Bankruptcy Court approval to be sought upon full execution of this Agreement and receipt of the Deposit (defined below), upon  entry of an order by the Bankruptcy Court approving this Agreement and upon Buyer's payment of $175,000.00, paid to the Trustee via wire transfer or cashier's check made payable to "Rosendo Gonzalez, Chapter 7 Trustee," for the Sale Assets defined below ("Effective Date"), the Trustee shall sell, transfer and convey, without warranty or representation except as set forth herein, on an AS-IS, WHERE-IS basis, the Estate's right, title and interest in the tangible and intangible personal property assets of the Debtor including, but not limited to all equipment, goods, the business name, inventory, supplies, customer lists, collection files, judgments and accounts receivable of the Debtor (the "Sale Assets") to the Buyer.  The Trustee shall seek Court approval of the sale contemplated herein as a private sale, not subject to overbid, and the Sale Assets shall be sold to Buyer free and clear of all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to sale proceeds pursuant to 11 U.S.C. §§ 363(b), (f), and (m).  The sale shall be effective upon the Effective Date.  In the event this Agreement is not approved by the Bankruptcy Court on or before April 15, 2017, Buyer shall have the right to terminate this Agreement.

The Sale Assets being sold pursuant to this Agreement are solely the personal property assets of the Debtor.  Buyer is not purchasing the "business" of the Debtor, nor is Buyer assuming any liabilities of the Debtor.

As of the date of execution hereof, Buyer has paid the Trustee a deposit in the amount of Twenty Thousand Dollars ($20,000.00) ("Deposit"), which the Trustee shall allocate to the balance of the Asset Purchase Price upon the Effective Date.  Should the Bankruptcy Court not approve this Agreement, the Trustee shall return the Deposit to Buyer and this Agreement will have no further effect.  Should the transaction contemplated herein fail through fault of the Buyer, the Trustee shall retain the Deposit as liquidated damages.

In the event the Effective Date of this Agreement occurs in the middle of the month, the Parties agree that any money held in trust due to Debtor clients for the month in which the Effective Date occurs, shall be transferred to Buyer so that Buyer may remit such payments to clients by the 15th of the following month in accordance with Debtor's normal business practices.  Furthermore, the Trustee represents and warrants that all "key vendor" bills, *i.e.*, payment obligations to Debt Master support, telephone support, and mail services, are current post-January 26, 2017.

**EXHIBIT 1**          **22**

This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto, and their respective affiliates, representatives, agents, directors, officers, shareholders, partners, successors and permitted assigns. This Agreement constitutes the entire agreement and understanding between the Parties hereto regarding the matters stated herein. This Agreement may not be and shall not be deemed to have been modified, amended, rescinded, canceled or waived, in whole or in part, except by a written instrument signed by all the Parties hereto.

Upon the Effective Date, the Trustee will promptly (a) turn over to the Buyer possession and control of the Sale Assets and the premises from which the Debtor operates, and (b) execute and deliver to the Buyer a Bill of Sale for the Sale Assets. The Parties shall take all further acts and sign and deliver all further documents that are reasonably necessary to effectuate the terms and purpose of this Agreement.

Furthermore, the Trustee agrees to make available Theodore Lanes, the Court appointed Chief Responsible Officer for Creditors Specialty Services of Nevada, Inc. ("CRO"), should Buyer find the CRO's services necessary or helpful to effect a smooth transition in operation of the Debtor's business. The Estate's obligations to pay for the CRO's services shall be limited to 25 hours.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first above written.

_____

Rosendo Gonzalez, Chapter 7 Trustee


Fidelity Capital Holdings, Inc., dba Fidelity Creditor Service, Buyer

By: _____

Its:  PRESIDENT

1746428

23



441 N VARNEY STREET, 2ND FLOOR, BURBANK, CA 91502

Fidelity Capital Holdings, Inc. d/b/a Fidelity Creditor Service is a 53 year old collection agency headquartered in Burbank, California.  Employing 40 veteran collection professionals, Fidelity prides itself on its reputation for exceeding client expectations.  Serving over 4,000 active clients in all facets of industry, Fidelity collects every day for leading companies in financial services, property management, healthcare, professional services and many other consumer and commercial sectors.  Fidelity's dedicated Client Services Team has one mission:  satisfying clients with results and communication.  Fidelity has serviced many of its clients for more than twenty years and earns the majority of its new business relationships from client referrals.

Unlike most agencies, Fidelity is capable of handling an account at any stage in the life cycle, from early out through judgment enforcement.  Our in-house legal team includes a full time collection attorney, collectors, paralegals, skip tracers and administrative support personnel.

Fidelity takes great pride in our compliance with State and Federal collection law.  All collection staff are tested regularly and undergo monthly in-service training.  Fidelity has never been the subject of a government investigation or sued by a client.

Fidelity's Senior Management Team is actively involved in all aspects of daily operations while remaining accessible and accountable to our clients.

**EXHIBIT 2**                    **24**

 **SEARCH REPORT**

914 S Street,  Sacramento, CA  95811
P: 8004061577  F: 8887137409

BRUTZKUS GUBNER ROZANSKY SEROR WEBER LLP
Attn:  Juanita Treshinsky
21650 Oxnard Street Suite 500
Woodland Hills, California  91367-4911

**Report Date:** December 22, 2016
**FCS Reference Number:** SAC1745250
**Client Reference Number:** 3332.004

## State Search Report

**Type of Search:** UCC, Federal and State Tax Liens, and Judgments Search
Full search  - No copies of tax liens
**Jurisdiction/Filing Office:** State of California, California Secretary of State
**Effective Index Date:** December 11, 2016  at        5:00 PM
**Name(s) Searched:** Creditors Specialty Service, Inc.

## Results

According to the Official Records of the filing office shown above, there are no liens other than those set out below:

**Name Searched:** Creditors Specialty Service, Inc.
**Results:** See attached Listing with copies

Similar Name included on the listing:
Creditors Speciality Service of Nevada

**END OF REPORT**

ReportID: 8002            Page 1 of  1            SAC1745250-736705

We guarantee our information to be as accurate as reasonable care can make it: however, the ultimate responsibility for maintaining files rests with the filing officer, and we accept no liability beyond the exercise of reasonable care.  No guarantee is given nor liability assumed with respect to the identity of any party named or referred to above with respect to the validity, legal effect or priority of any matter shown herein.  In no event shall FIRST CORPORATE SOLUTIONS' liability exceed the fee amount.

**EXHIBIT 3**            **25**



# SEARCH REPORT

914 S Street, Sacramento, CA 95811
P: 800.406.1577 | F: 800.230.2217

## UCC Search Report

| | |
|---|---|
| **Type of Search** | UCCs, Federal Tax Liens, State Tax Liens, and Judgments |
| **Jurisdiction/Filing Office** | State of California, Secretary of State Uniform Commercial Code Division |
| **Indexed Through** | Dec. 11, 2016 |
| **Subject Search Name** | CREDITORS SPECIALTY SERVICE, INC. |
| **Search Key Entered** | CREDIT*SPECIAL |

## Results

Based on a search of the indices of the Uniform Commercial Code Division of the Secretary of State of California, there are no active liens of record other than those set out below. Liens reflected in this report were based on the searcher's individual search parameters, the search key entered, as well as the searcher's choice of the liens ultimately included or excluded herein. Certification can only be obtained through the office of the California Secretary of State.

**1. Federal Tax Lien**

|  |  |  |
|---|---|---|
| Document No. | 20067058097931 | **Lapsed 3/3/2016** |
| Filed | 2/2/2006 | |
| Debtor | CREDITORS SPECIALTY SERVICE INC A CORPORATION | |
|  | 32023 CROWN VALLEY RD | |
|  | ACTON CA 93510 | |
| Secured Party | IRS/OHIO | |
|  | P.O. BOX 145595 | |
|  | CINCINNATI OH 45250 | |

**2. Federal Tax Lien**

|  |  |  |
|---|---|---|
| Document No. | 20067077775187 | **Lapsed 8/10/2016** |
| Filed | 7/11/2006 | |
| Debtor | CREDITORS SPECIALTY SERVICE INC A CORPORATION | |
|  | 32023 CROWN VALLEY RD | |
|  | ACTON CA 93510 | |
| Secured Party | IRS/OHIO | |
|  | P.O. BOX 145595 | |
|  | CINCINNATI OH 45250 | |

**3. State Tax Lien**

|  |  |  |
|---|---|---|
| Document No. | 20097204739738 | Lapses 8/3/2019 |
| Filed | 8/3/2009 | |
| Debtor | CREDITORS SPECIALTY SERVICE, INC. | |
|  | PO BOX 764 | |
|  | ACTON CA 93510 | |
| Secured Party | EMPLOYMENT DEVELOPMENT DEPARTMENT | |
|  | PO BOX 826880 | |
|  | SACRAMENTO CA 94280 | |

26

Annaiaombk2021eationBB
File No. 201072218902
Filed 2/2/2010 5:00:00 PM

**4. State Tax Lien**

Document No. 20097210132358       Lapses 9/30/2019
Filed 9/30/2009

Debtor CREDITORS SPECIALTY SERVICE, INC.
PO BOX 764
ACTON CA 93510

Secured Party EMPLOYMENT DEVELOPMENT DEPARTMENT
PO BOX 826880
SACRAMENTO CA 94280

Amendment Type Termination
File No. 201072218902
Filed 2/2/2010 5:00:00 PM

**5. State Tax Lien**

Document No. 20117283266844       Lapses 8/25/2021
Filed 8/25/2011

Debtor CREDITORS SPECIALTY SERVICE, INC.
32023 CROWN VALLEY RD
ACTON CA 93510

Secured Party EMPLOYMENT DEVELOPMENT DEPARTMENT
PO BOX 826880
SACRAMENTO CA 94280

**6. Judgement lien**

Document No. 20147406147266       Lapses 4/3/2019
Filed 4/3/2014

Debtor CREDITORS SPECIALTY SERVICE, INC.
32023 CROWN VALLEY ROAD
ACTON CA 93510

Debtor STANLEY, CHARLES
6610 JUNIPER CREST ROAD
AGUA DULCE CA 91390

Secured Party SQUATRITO, ANGEL
C/O STEVEN A. SIMONS POB 33623
GRANADA HILLS CA 91394

**7. Judgement lien**

Document No. 20157492418273       Lapses 10/28/2020
Filed 10/28/2015

Debtor CREDITORS SPECIALTY SERVICE, INC.
32023 CROWN VALLEY ROAD
ACTON CA 93510

Debtor STANLEY, CHARLES
6610 JUNIPER CREST ROAD
AGUA DULCE CA 91390

Secured Party SAFE CREDIT UNION
2295 IRON POINT RD.
FOLSOM CA 95630

**8. UCC Financing Statement**

Document No. 20157501632040       Lapses 12/30/2020
Filed 12/30/2015

Debtor CHARLES V. STANLEY JR, CHARLES
32023 CROWN VALLEY ROAD
ACTON CA 93510

Debtor CREDITORS SPECIALTY SERVICE OF NEVADA
32023 CROWN VALLEY ROAD
ACTON CA 93510

Debtor CREDITORS SPECIALTY SERVICE OF NEVADA, INC.

**27**

32023 CROWN VALLEY RD.
ACTON CA 93510

| | |
|---|---|
| **Secured Party** | ARCH CAPITAL FUNDING LLC |
| | 160 PEARL ST SUITE 5 |
| | NEW YORK NY 10005 |

#### 9. Judgement lien

| | | |
|---|---|---|
| **Document No.** | 20167529289958 | Lapses 6/3/2021 |
| **Filed** | 6/3/2016 | |

| | |
|---|---|
| **Debtor** | CREDITORS SPECIALTY SERVICE, INC. |
| | 32023 CROWN VALLEY RD. |
| | ACTON CA 93510 |
| **Debtor** | STANLEY, CHARLES |
| | 32023 CROWN VALLEY RD. |
| | ACTON CA 93510 |
| **Debtor** | STANLEY, CHARLES |
| | 6610 JUNIPER CREST RD |
| | SANTA CLARITA CA 91390 |
| **Secured Party** | LAW OFFICES OF STEVEN A. SIMONS |
| | P.O BOX 33623 |
| | GRANADA HILLS CA 91394 |

We assume no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, legal effect or priority of any matter shown herein; nor, due to our inability to independently verify the accuracy of this data as provided by government and other sources, do we make any guaranty or representation as to its accuracy.

---------- END OF REPORT ----------

## Report Parameters

The UCC Revised Article 9 Model Administrative Rules (MARS) provide state filing offices with a set of guidelines for producing a legally compliant UCC lien search report. The search tool used to create this search report was designed to satisfy the requirements under MARS while providing the searcher with increased flexibility.

Flexible search logic generates a more inclusive search report and addresses the inconsistencies in searches performed within states that did not effectively adopt the MARS guidelines. Further, these specially designed broad-based searching features aid in the location of involuntary liens such as Federal and State Tax Liens and Judgment Liens and liens that may not be located in state databases limited to the MARS guidelines for the reporting of UCCs.



## NOTICE OF JUDGMENT LIEN
FOLLOW INSTRUCTIONS CAREFULLY (front and back of form.)

| A NAME & PHONE OF FILER'S CONTACT (optional) |
| Robert J. Wood, (916) 321-4444 |

B SEND ACKNOWLEDGMENT TO: (NAME AND ADDRESS)

Robert J. Wood
Boutin Jones Inc.
555 Capitol Mall, Suite 1500
Sacramento, CA 95814

## 15-7492418273
## 10/28/2015 15:59



**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS



51689440002   UCC 1 FILING

THIS SPACE FOR FILING OFFICE USE ONLY

**1. JUDGMENT DEBTOR'S EXACT LEGAL NAME** -Insert only one name, either 1 a or 1b. Do not abbreviate or combine names.

1a. ORGANIZATION'S NAME

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Stanley | Charles | | |

| 1C. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6610 Juniper Crest Road | Agua Dulce | CA | 91390 | USA |

**2. JUDGMENT CREDITOR'S NAME**- Do not abbreviate or combine names.

2a. ORGANIZATION'S NAME

SAFE Credit Union

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2295 Iron Point Rd. | Folsom | CA | 95630 | USA |

3. ALL PROPERTY SUBJECT TO ENFORCEMENT OF A MONEY JUDGMENT AGAINST THE JUDGMENT DEBTOR TO WHICH A JUDGMENT LIEN ON PERSONAL PROPERTY MAY ATTACH UNDER SECTION 697.530 OF THE CODE OF CIVIL PROCEDURE IS SUBJECT TO THIS JUDGMENT LIEN.

A.   Title of court where judgment was entered: Sacramento County Superior Court

B.   Title of the action: SAFE Credit Union v. Creditors Specialty Service, Inc., et al.

C.   Number of this action: 34-2014-00161605

D.   Date judgment was entered: October 21, 2015

E.   Date of subsequent renewals of judgment (if any):

F.   Amount required to satisfy judgment at date of this notice: $ 9,255.18

G.   Date of this notice: October 27, 2015

4.   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

SIGNATURE - SEE INSTRUCTION NO. 4

Dated: 10/27/2015
(If not indicated, use same as date in item 3G.)

Robert J. Wood, Boutin Jones Inc.

FOR: Attorneys for SAFE Credit Union

# EXHIBIT 4                29

## JUDGMENT LIEN ADDENDUM
**FOLLOW INSTRUCTIONS CAREFULLY (FRONT AND BACK OF FORM)**

**51689440002**

**5. NAME OF JUDGMENT DEBTOR:** (NAME OF FIRST DEBTOR ON RELATED JUDGMENT LIEN)

| 5a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **5b. INDIVIDUAL'S LAST NAME** <br> Stanley | **FIRST NAME** <br> Charles | **MIDDLE NAME** | **SUFFIX** |

**6. ADDITIONAL JUDGMENT DEBTOR - insert only one name (6a or 6b):**

| 6a. ORGANIZATION'S NAME <br> Creditors Specialty Service, Inc. | | | | |
|---|---|---|---|---|
| **6b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | | **SUFFIX** |
| **6c. MAILING ADDRESS** <br> 32023 Crown Valley Road | **CITY** <br> Acton | **STATE** <br> CA | **POSTAL CODE** <br> 93510 | **COUNTRY** <br> USA |

**7. ADDITIONAL JUDGMENT DEBTOR - insert only one name (7a or 7b):**

| 7a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **7b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | | **SUFFIX** |
| **7c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |

**8. ADDITIONAL JUDGMENT DEBTOR - insert only one name (8a or 8b):**

| 8a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **8b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | | **SUFFIX** |
| **8c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |

**9. ADDITIONAL JUDGMENT CREDITOR - insert only one name (9a or 9b):**

| 9a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **9b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | | **SUFFIX** |
| **9c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |

**10. ADDITIONAL JUDGMENT CREDITOR - insert only one name (10a or 10b):**

| 10a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **10b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | | **SUFFIX** |
| **10c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |

**30**

CA Secretary of State
American LegalNet, Inc.
www.USCourtForms.com

**16-7529289958**

**06/03/2016 17:00**





**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

**55520810002**  UCC 1 FILING

## NOTICE OF JUDGMENT LIEN
FOLLOW INSTRUCTIONS CAREFULLY (front and back of form)

A  NAME & PHONE OF FILER'S CONTACT (optional)
Steven A. Simons, Esq. T. 818.368.9642

B  SEND ACKNOWLEDGMENT TO (NAME AND ADDRESS)
Steven A. Simons, Esq.
Law Offices of Steven A. Simons
P.O. Box 33623
Granada Hills, CA 91394

THIS SPACE FOR FILING OFFICE USE ONLY

**1. JUDGMENT DEBTOR'S EXACT LEGAL NAME** —Insert only one name, either 1a or 1b. Do not abbreviate or combine names.

| 1a  ORGANIZATION'S NAME |  |  |  |
|---|---|---|---|
| Creditors Specialty Service, Inc. |  |  |  |

| 1b  INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
|  |  |  |  |

| 1c  MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 32023 Crown Valley Rd. | Acton | CA | 93510 | USA |

**2. JUDGMENT CREDITOR'S NAME** —Do not abbreviate or combine names.

| 2a  ORGANIZATION'S NAME |  |  |  |
|---|---|---|---|
| Law Offices of Steven A. Simons |  |  |  |

| 2b  INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE | SUFFIX |
|---|---|---|---|
|  |  |  |  |

| 2c  MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| P.O Box 33623 | Granada Hills | CA | 91394 | USA |

**3.** ALL PROPERTY SUBJECT TO ENFORCEMENT OF A MONEY JUDGMENT AGAINST THE JUDGMENT DEBTOR TO WHICH A JUDGMENT LIEN ON PERSONAL PROPERTY MAY ATTACH UNDER SECTION 697.530 OF THE CODE OF CIVIL PROCEDURE IS SUBJECT TO THIS JUDGMENT LIEN.

A.  Title of court where judgment was entered:  Los Angeles Superior Court

B.  Title of the action:  Angel Squatrito vs. Creditors Specialty Service, et al

C.  Number of this action:  PC053171

D.  Date judgment was entered:  01/24/2014

E.  Date of subsequent renewals of judgment (if any): 

F.  Amount required to satisfy judgment at date of this notice: $  40,808.22

G.  Date of this notice:  06/01/2016

**4.** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

Dated:  06/01/2016

SIGNATURE - SEE INSTRUCTION NO. 4    (If not indicated, use same as date in item 3G.)

FOR:  Steven A. Simons

## EXHIBIT 5    31

# JUDGMENT LIEN ADDENDUM

**FOLLOW INSTRUCTIONS CAREFULLY (FRONT AND BACK OF FORM)**

**5. NAME OF JUDGMENT DEBTOR:** (NAME OF FIRST DEBTOR ON RELATED JUDGMENT LIEN)

| 5a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Creditors Specialty Service, Inc. | | | |

| 5b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

**6. ADDITIONAL JUDGMENT DEBTOR - insert only one name (6a or 6b):**

| 6a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| | | | | | |

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|
| Stanley | Charles | | | | |

| 6c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 32023 Crown Valley Rd. | Acton | CA | 93510 | USA |

**7. ADDITIONAL JUDGMENT DEBTOR - insert only one name (7a or 7b):**

| 7a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| | | | | | |

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|
| Stanley | Charles | | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6610 Juniper Crest Rd | Santa Clarita | CA | 91390 | USA |

**8. ADDITIONAL JUDGMENT DEBTOR - insert only one name (8a or 8b):**

| 8a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| | | | | | |

| 8b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|
| | | | | | |

| 8c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**9. ADDITIONAL JUDGMENT CREDITOR - insert only one name (9a or 9b):**

| 9a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| | | | | | |

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|
| | | | | | |

| 9c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**10. ADDITIONAL JUDGMENT CREDITOR - insert only one name (10a or 10b):**

| 10a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| | | | | | |

| 10b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|
| | | | | | |

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | **32** | |

(1) FILING OFFICER COPY - JUDGMENT LIEN ADDENDUM FORM (REV 6/01)

CA Secretary of State

This page is part of your document - **DO NOT DISCARD**

# 20160545403



**Pages:
0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**05/12/16 AT 12:19PM**

| | |
|---|---|
| FEES: | 35.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 35.00 |

L E A D S H E E T

201605120670015

00012081275

007549373

SEQ:
01

DAR - Counter (Upfront Scan)

**THIS FORM IS NOT TO BE DUPLICATED**     33

RECORDING REQUEST BY

Steven A. Simons, Esq.

05/12/2016

WHEN RECORDED MAIL TO

NAME    Steven A Simons, Esq.

MAILING
ADDRESS    P.O. Box 33623

*201605454U3*

CITY, STATE
ZIP CODE    Granada Hills, CA 91844

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# TITLE(S)

Abstract of Judgment

555208100002

34

R428 6/94

EJ-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address, and State Bar number):
After recording, return to:
Steven A. Simons, Esq.
Law Offices of Steven A. Simons
PO Box Granada Hills
California 91394

TEL NO.: (818)788-5291    FAX NO. (optional):
E-MAIL ADDRESS (Optional):
[ ] ATTORNEY FOR    [X] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 9425 Penfield Avenue
MAILING ADDRESS: 9425 Penfield Avenue
CITY AND ZIP CODE: Chatsworth, California 91311
BRANCH NAME: North Valley Division - Chatsworth Courthouse

FOR RECORDER'S USE ONLY

PLAINTIFF: Angel Squatrito
DEFENDANT: Creditors Specialty Service, et al.

CASE NUMBER:
PC053171 / Dept F47

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS    [X] Amended

FOR COURT USE ONLY

1. The [X] judgment creditor    [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

      Charles Stanley
      32023 Crown Valley Road
      Acton, California 93510

   b. Driver's license no. [last 4 digits] and state: 3817    [ ] Unknown
   c. Social security no. [last 4 digits]: 4856    [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
      Creditors Specialty Service, Inc. - 32023 Crown Valley Road, Acton, California 93510

2. [ ] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   Angel Squatrito - C/O Steven A. Simons, Esq.
   PO Box Granda Hills, California 91394

   Date: 04/17/2016
   Steven A. Simons, Esq.
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [X] Original abstract recorded in this county:
   Los Angeles County
   a. Date: 04/25/2014
   b. Instrument No.: 20140427484

   (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed: $ 40,808.22
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date): 01/24/2014
   b. Renewal entered on (date):
9. [ ] This judgment is an installment judgment.

   This abstract issued on (date):
   MAY 0 5 2016

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until (date):

12. [X] a. I certify that this is a true and correct abstract of the judgment entered in this action.
       [ ] b. A certified copy of the judgment is attached.

   Clerk, by _____ Deputy
   Sherri R. Carter

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAINS

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

APR 2 8 2016

35

| PLAINTIFF: | COURT CASE NO : |
|---|---|
| DEFENDANT: | |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. ✳ Name and last known address

Charles Stanley
6610 Juniper Crest Road
Santa Clarita, California 91390

Driver's license no. [last 4 digits] and state:
3817 ☐ Unknown
Social security no. [last 4 digits]: ▓▓▓ ☐ Unknown

Summons was personally served at or mailed to *(address):*
Creditors Specialty Service, Inc.
32023 Crown Valley Road
Acton, California 93510

17. ✳ Name and last known address

Creditors Specialty Service, Inc.
32023 Crown Valley Road
Acton, California 93510

Driver's license no. [last 4 digits] and state:
☒ Unknown
Social security no. [last 4 digits]: ☒ Unknown

Summons was personally served at or mailed to *(address):*
Creditors Specialty Service, Inc.
32023 Crown Valley Road
Acton, California 93510

18. Name and last known address

Driver's license no. [last 4 digits] and state:
☐ Unknown
Social security no. [last 4 digits]. ☐ Unknown

Summons was personally served at or mailed to *(address):*

19. Name and last known address

Driver's license no. [last 4 digits] and state:
☐ Unknown
Social security no. [last 4 digits] ☐ Unknown

Summons was personally served at or mailed to *(address).*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

  

36

## NOTICE OF JUDGMENT LIEN
FOLLOW INSTRUCTIONS CAREFULLY (front and back of form.)

A. NAME & PHONE OF FILER'S CONTACT (optional)
Steven A. Simons, Esq. Tel 818.368.9642

B. SEND ACKNOWLEDGMENT TO  (NAME AND ADDRESS)

Steven A. Simons, Esq.
Law Office of Steven A. Simons
P.O. Box 33623
Granada Hills, CA 91394



## 14-7406147266
## 04/03/2014 17:00

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS



42434930002   UCC 1 FILING

THIS SPACE FOR FILING OFFICE USE ONLY

**1. JUDGMENT DEBTOR'S EXACT LEGAL NAME** –Insert only one name, either 1a or 1b.  Do not  abbreviate or combine names.

1a. ORGANIZATION'S NAME

Creditors Specialty Service, Inc.

| 1b INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 32023 Crown Valley Road | Acton | CA | 93510 | US |

**2. JUDGMENT CREDITOR'S  NAME**– Do not abbreviate or combine names.

2a  ORGANIZATION'S NAME

| 2b INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE | SUFFIX |
|---|---|---|---|
| Squatrito | Angel | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| C/O Steven A. Simons POB 33623 | Granada hills | CA | 91394 | US |

**3. ALL PROPERTY SUBJECT TO ENFORCEMENT OF A MONEY JUDGMENT AGAINST THE JUDGMENT DEBTOR TO WHICH A JUDGMENT LIEN ON PERSONAL PROPERTY MAY ATTACH UNDER SECTION 697.530 OF THE CODE OF CIVIL PROCEDURE IS SUBJECT TO THIS JUDGMENT LIEN.**

A.    Title of court where judgment was entered: Los Angeles Superior Court

B.    Title of the action: Squatrito vs. Creditors Specialty Service, Inc. et al.

C.    Number of this action: PC053171

D.    Date judgment was entered: Jan. 24.2014

E.    Date of subsequent renewals of judgment (if any): _____

F.    Amount required to satisfy judgment at date of this notice: $ 40,808.22

G.    Date of this notice: March 25, 2014

4.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

SIGNATURE– SEE INSTRUCTION NO. 4

Dated: 03/25/2014
(If not indicated, use same as date in item 3G.)

FOR: Angel Squatrito

## JUDGMENT LIEN ADDENDUM
**FOLLOW INSTRUCTIONS CAREFULLY (FRONT AND BACK OF FORM)**

**5. NAME OF JUDGMENT DEBTOR:** (NAME OF FIRST DEBTOR ON RELATED JUDGMENT LIEN)

| 5a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Creditors Specialty Service, Inc. | | | |
| 5b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

**6. ADDITIONAL JUDGMENT DEBTOR – insert only one name (6a or 6b):**

| 6a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 6b. INDIVIDUAL'S LAST NAME<br>Stanley | FIRST NAME<br>Charles | | MIDDLE NAME | | SUFFIX |
| 6c. MAILING ADDRESS<br>6610 Juniper Crest Road | CITY<br>Agua Dulce | STATE<br>CA | POSTAL CODE<br>91390 | | COUNTRY<br>US |

**7. ADDITIONAL JUDGMENT DEBTOR – insert only one name (7a or 7b):**

| 7a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

**8. ADDITIONAL JUDGMENT DEBTOR – insert only one name (8a or 8b):**

| 8a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 8b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 8c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

**9. ADDITIONAL JUDGMENT CREDITOR – insert only one name (9a or 9b):**

| 9a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 9c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

**10. ADDITIONAL JUDGMENT CREDITOR – insert only one name (10a or 10b):**

| 10a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 10b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

4243493**0**0002

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | CREDITORS SPECIALTY SERVICE INC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: CENTRAL | District of CALIFORNIA (State) |
| Case number  2:16-BK-20721-BB | |

## Official Form 410
# Proof of Claim                                                                04/16

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Department of the Treasury - Internal Revenue Service
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

■ No
☐ Yes.  From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Internal Revenue Service | Internal Revenue Service |
| Name | Name |
| P.O. Box 7346 | Insolvency Group 5 300 North Los Angeles St, M/S 5022 |
| Number    Street | Number    Street |
| Philadelphia    PA    19101-7346 | Los Angeles    CA    90012 |
| City    State    ZIP Code | City    State    ZIP Code |
| Contact phone  1-800-973-0424 | Contact phone  (213) 372-4330 |
| Contact email | Contact email |
| Creditor Number:  37278941 | |

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

**4. Does this claim amend one already filed?**

☐ No
■ Yes.    Claim number on court claims registry (if known)    1    Filed on:  08/16/2016
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

■ No
☐ Yes.  Who made the earlier filing?

# EXHIBIT 6                                39

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|------------------------------------------------------------------|

**6. Do you have any number you use to identify the debtor?**

☐ No
■ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:    See Attachment

**7. How much is the claim?**   $ 283,022.42

**Does this amount include interest or other charges?**

☐ No
■ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Taxes

**9. Is all or part of the claim secured?**

☐ No
■ Yes.  The claim is secured by a lien on property.

**Nature of property:**

■ Real Estate. If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A) with this Proof of Claim.

■ Motor Vehicle

■ Other. Describe:    *All of debtor(s) right, title and interest to property - 26 U.S.C. §6321.

**Basis for perfection:**    See Attachment
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of Property:**    $

**Amount of the claim that is secured:**    $ 43,020.07

**Amount of the claim that is unsecured:**    $ 240,002.35    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $

**Annual Interest Rate** (when case was filed)   4 %

☐ Fixed
■ Variable

**10. Is this claim based on a lease?**

■ No
☐ Yes.  **Amount necessary to cure any default as of the date of the petition.**    $

**11. Is this claim subject to a right of setoff?**

☐ No
■ Yes.  Identify the property    See Attachment

**12. Is all or part of the claim entitled to priority under 11 U.S.C. §507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

■ Yes. Check all that apply:

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ■ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 168,323.44 |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

*Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

■ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   10/03/2016
                   MM / DD / YYYY

/s/ NEAL KAKUSKE
(Signature)

Print the name of the person who is completing and signing this claim:

| Name | NEAL | | KAKUSKE |
|---|---|---|---|
| | First name | Middle name | Last name |

Title    Insolvency Advisor

Company    Internal Revenue Service
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    Insolvency Group 5 300 North Los Angeles St, M/S 5022
           Number        Street

           Los Angeles                          CA              90012
           City                                 State           ZIP Code

Contact Phone  (213) 372-4330                Email:

# Proof of Claim for
# Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 410**
Attachment

| Case Number |
| --- |
| 2:16-BK-20721-BB |

| Type of Bankruptcy Case |
| --- |
| CHAPTER 11 |

| Date of Petition |
| --- |
| 08/11/2016 |

**In the Matter of:** CREDITORS SPECIALTY SERVICE INC
32023 CROWN VALLEY RD
ACTION, CA 93510

Amendment No. 1 to Proof of Claim dated 08/16/2016.

The United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

### Secured Claims    (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date | Office Location |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| XX-XXX8570 | WT-FICA | 09/30/2007 | 12/24/2007 | $4,950.19 | $4,990.31 | $2,658.23 | 02/19/2008 | LOS ANGELES COU |
| XX-XXX8570 | WT-FICA | 12/31/2007 | 04/14/2008 | $12,597.40 | $6,536.13 | $4,638.46 | 06/16/2008 | LOS ANGELES COU |
| XX-XXX8570 | WT-FICA | 06/30/2008 | 09/01/2008 | $3,563.70 | $1,901.89 | $1,183.76 | 11/07/2008 | LOS ANGELES COU |
| | | | | $21,111.29 | $13,428.33 | $8,480.45 | | |

**Total Amount of Secured Claims:**    **$43,020.07**

### Unsecured Priority Claims    under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- |
| XX-XXX8570 | CORP-INC | 07/31/2010 | 06/03/2016 | $115,924.00 | $23,619.07 |
| XX-XXX8570 | CORP-INC | 07/31/2011 | 06/20/2016 | $24,727.00 | $3,953.37 |
| XX-XXX8570 | CORP-INC | 07/31/2016 | 1  NOT FILED | $100.00 | $0.00 |
| | | | | $140,751.00 | $27,572.44 |

**Total Amount of Unsecured Priority Claims:**    **$168,323.44**

### Unsecured General Claims

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . $71,678.91

**Total Amount of Unsecured General Claims:**    **$71,678.91**

1 THE ABOVE LIABILITY HAS BEEN LISTED AS A POTENTIAL LIABILITY FOR THE DEBTOR BECAUSE THE RETURN HAS NOT BEEN FILED. AS SOON AS THE DEBTOR FILES THE RETURN WITH THE IRS AS RE-QUIRED BY LAW THIS CLAIM WILL BE ADJUSTED TO REFLECT THE ASSESSED LIABILITY.

1872                                                        COURT RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 2:16-BK-20721-BB | Lien Recorded    : 06/16/2008 - 09:04AM<br>Recording Number: 20081063440<br>UCC Number      :<br>Liber           :<br>Page            : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #7<br>Lien Unit Phone: (800) 913-6050 | IRS Serial Number: 448826908 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
  CREDITORS SPECIALTY SERVICE INC, a Corpo


Residence:
  32023 CROWN VALLEY RD
  ACTON, CA 93510-1928


With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| 941 | 12/31/2007 | XX-XXX8570 | 04/14/2008 | 05/14/2018 | $15,425.35 |

| Filed at:  COUNTY RECORDER<br>            LOS ANGELES COUNTY<br>            NORWALK, CA 90650 | Total | $15,425.35 |
|---|---|---|

This notice was prepared and executed at OAKLAND, CA
on this, the 04th day of June, 2008.

| Authorizing Official:<br>  L. TCHULDJIAN | Title:<br>  REVENUE OFFICER        27-03-3840 |
|---|---|

**43**

1872                                                    COURT RECORDING DATA

| INTERNAL REVENUE SERVICE | Lien Recorded    : 11/07/2008 – 10:46AM |
|---|---|
| FACSIMILE FEDERAL TAX LIEN DOCUMENT | Recording Number: 20081976213 |
| | UCC Number     : |
| | Liber          : |
| BANKRUPTCY DOCKET: 2:16-BK-20721-BB | Page           : |

| Area: SMALL BUSINESS/SELF EMPLOYED #7 | IRS Serial Number: 485227808 |
|---|---|
| Lien Unit Phone: (800) 913-6050 | |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
 CREDITORS SPECIALTY SERVICE INC, a Corpo


Residence:
 32023 CROWN VALLEY RD
 ACTON, CA 93510-1928


With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 941 | 03/31/2008 | XX-XXX8570 | 07/28/2008 | 08/27/2018 | $432.72 |
| 941 | 06/30/2008 | XX-XXX8570 | 09/01/2008 | 10/01/2018 | $4,807.25 |

| Filed at: | COUNTY RECORDER LOS ANGELES COUNTY NORWALK, CA 90650 | Total | $5,239.97 |
|---|---|---|---|

This notice was prepared and executed at OAKLAND, CA
on this, the 22nd day of October, 2008.

| Authorizing Official: | Title: | |
|---|---|---|
| L. TCHULDJIAN | REVENUE OFFICER | 27-03-3840 |

**44**

1872

COURT RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 2:16-BK-20721-BB | Lien Recorded    : 02/19/2008 - 12:14PM<br>Recording Number: 20080287093<br>UCC Number     :<br>Liber          :<br>Page           : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #7<br>Lien Unit Phone: (800) 913-6050 | IRS Serial Number: 420229708 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
  CREDITORS SPECIALTY SERVICE INC, a Corpo

Residence:
  32023 CROWN VALLEY RD
  ACTON, CA 93510-1928

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| 941 | 09/30/2007 | XX-XXX8570 | 12/24/2007 | 01/23/2018 | $20,874.26 |

| Filed at: COUNTY RECORDER<br>          LOS ANGELES COUNTY<br>          NORWALK, CA 90650 | Total | $20,874.26 |
|---|---|---|

This notice was prepared and executed at OAKLAND, CA
on this, the 06th day of February, 2008.

| Authorizing Official:<br>  L. TCHULDJIAN | Title:<br>  REVENUE OFFICER        27-03-3840 |
|---|---|

**45**