Case 2:16-bk-20721-BB Doc 100-1 Filed 03/10/17 Entered 03/10/17 16:49:02 Desc Exhibit Exhibit and Proof of Service Page 1 of 12

In re Kellogg-Taxe, Slip Copy (2014)

2014 WL 1329822
Only the Westlaw citation is currently available.
United States Bankruptcy Court, C.D. California,
Los Angeles Division.

In re Kathleen KELLOGG–TAXE, Debtor.
Carolyn A. Dye, Chapter 7 Trustee, Plaintiff,
v.
Richard Taxe, an individual, Ronald Taxe, an individual, Massrock, Inc., a California corporation, Dwarfco Productions, Inc., a revoked Nevada corporation, and Does 1–20, inclusive, Defendants.

Bankruptcy No. 2:12–bk–51208–RN.
|
Adversary No. 2:13–ap–02019–RN.
|
Signed March 28, 2014.

**Attorneys and Law Firms**

Christian T. Kim, Dumas & Assoc., Los Angeles, CA, for Plaintiff.

John Saba, Newport Beach, CA, for Defendants.

**MEMORANDUM OF DECISION REGARDING CHAPTER 7 TRUSTEE'S "MOTION FOR PRELIMINARY INJUNCTION AND APPOINTMENT OF RECEIVER"**

Chapter 7

RICHARD M. NEITER, United States Bankruptcy Judge.

### I. INTRODUCTION

*1 This matter came before the Court on a motion by the Chapter 7 Trustee, Carolyn A. Dye (the "*Trustee* " or "*Plaintiff* "), for an order (1) preliminarily enjoining Defendants Richard Taxe, Ronald Taxe, Massrock, Inc. ("*Massrock* "), and Dwarfco Productions, Inc. ("*Dwarfco* ")(collectively, "*Defendants* "), from transferring community property assets of Debtor's estate; (2) appointing a receiver to liquidate the assets of Dwarfco, Massrock (whose stock is alleged to be the community property of Debtor and Richard Taxe, her husband) and the community property located at 5066 W. Jefferson Blvd., Los Angeles, California 90016 ("*Culver City Property* ");(3) compelling Defendants to turn over to the Trustee gemstones and a Wassily Kandinsky painting also owned as community property by Debtor and her husband; and (4) compelling Defendants to provide an accounting of any post-petition sales of the community property subject to the Trustee's Motion ("*Motion* ").

Ronald Taxe, the Debtor's brother-in-law; Massrock, a California corporation; and Dwarfco, a revoked Nevada corporation, opposed the Motion.[1] After hearing, the Court took this matter under submission and now renders its Memorandum of Decision containing its findings of fact and conclusions of law as required under Fed. R. Bankr.P. 7052.[2]

### II. JURISDICTION

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b) and 11 U.S.C. § 363. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

### III. FINDINGS OF FACT

On December 18, 2012, the Debtor filed her voluntary chapter 11 petition. *See* Docket No. 1. This is the Debtor's fifth bankruptcy filing. The Debtor commenced four prior chapter 13 cases, all of which were dismissed shortly after they were filed. Three of the four prior bankruptcies were filed and dismissed within the year prior to the commencement of this case.[3]

In her first chapter 13 bankruptcy case (2:09–bk–29787–EC), Debtor claimed that she owned $40,000 worth of jewelry, $50,000 worth of paintings, a $3,000,000 life insurance policy of which she was the beneficiary, and a 50% ownership interest in Dwarfco[4] and Massrock, which she claimed was worth $4,000,000. *See* Plaintiff's Request for Judicial Notice ("*Pl.'s RJN* "), Exh. 1 (Adv. Docket No. 6). In her second, third, and fourth chapter 13 cases, Debtor continued to list on her schedules her ownership interest in Dwarfco and Massrock, claiming that her interest was worth only $2,500,000. *See* Pl.'s RJN, Exhs. 3, 5.)

After the filing of the current case, the Debtor failed to timely file any schedules and other required documents.

In re Kellogg-Taxe, Slip Copy (2014)

Case 2:16-bk-20721-BB    Doc 100-1    Filed 03/10/17    Entered 03/10/17 16:49:02    Desc
                         Exhibit Exhibit and Proof of Service    Page 2 of 12

On January 24, 2013, the Court entered an "Order Converting Case to a Case Under Chapter 7." *See* Docket No. 18. The Trustee was appointed on or about January 29, 2013. *See* Docket No. 20.

**\*2** In light of there being no automatic stay pursuant to [§ 362(c)(4)(A)(i)](#) because of the Debtor's prior bankruptcy filings, the Trustee sought to impose a stay under [§ 362(c)(4)(B)](#). *See* Docket No. 28. However, due to the untimeliness of the Trustee's motion, and other cause, the Court entered an "Order Denying Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate" on April 25, 2013. *See* Docket No. 53. As a result, there is no stay in this Debtor's case.

Debtor filed her amended schedules on May 13, 2013. *See* Docket No. 57. In her amended schedules, Debtor omitted any mention of her interest in Dwarfco and Massrock, and substantially reduced the value of her personal property. *See* Pl.'s RJN, Exhs. 6, 7.

On July 23, 2013, the Trustee conducted a Rule 2004 examination of Richard Taxe, the Debtor's husband. During his examination, Richard Taxe testified that:

(a) He owns no interest in any corporation (Declaration of James A. Dumas ("*Dumas Decl.*"), Exh. A, 39:9–11 (Adv. Docket No. 5));

(b) He owns valuable paintings, including a painting by Wassily Kandinsky ("*Kandinsky Painting* ") (*Id.* 51:8–52:5);

(c) He owns valuable gemstones ("*Gemstones* ") (*Id.,* 65:11–66:4);

(d) He has no written agreements with the Debtor (*Id.,* 26:17–19); and

(e) He signs checks on behalf of Massrock (*Id.,* 13:7–25).

Bank records for Massrock obtained by Plaintiff show Richard Taxe's signature on checks for personal expenses of the Taxe family. *See* Dye Decl., Exh. C (attached to Motion). In addition, Bruce Taylor, a former business associate of Richard Taxe, submitted a declaration in which he stated that he personally observed valuable paintings and other property belonging to Richard Taxe in storage at the Culver City Property. *See* Declaration of Bruce Taylor, ¶ 6 (attached to Motion).

On October 11, 2013, Plaintiff commenced an adversary proceeding against Richard Taxe, Ronald Taxe, Massrock, and Dwarfco for turnover of property of the estate and declaratory relief ("*Complaint* "). *See* Adv. Docket No. 1. In her Complaint, Plaintiff made the following factual allegations:

(a) Debtor and Richard Taxe have been married since at least 1984 and did not execute a marital agreement allocating the division of community property (Compl., ¶ 12);

(b) In 2009, Debtor acquired the Kandinsky Painting as a community property asset, which is currently in Ronald Taxe's possession, custody, or control (*Id.,* ¶ 13);

(c) In 1993, Richard Taxe acquired the Gemstones as a community property asset (*Id.,* ¶ 14);

(d) On or about September 24, 1990, Richard Taxe formed Dwarfco, and his and Debtor's interest in Dwarfco, if any still remains, is a community property asset (*Id.,* ¶ 15); [5]

(e) On or about December 12, 1996, Massrock was formed, with Richard Taxe as agent for service of process, as well as an officer, consultant, and/or shareholder with direct or indirect control of Massrock (*Id.,* ¶ 18);

**\*3** (f) Massrock is the holder of a bank account with deposits totaling approximately $50,000 ("*Massrock Account* "), which has funded the personal living expenses of Debtor and Richard for at least 10 years (*Id.*);

(g) Massrock is the record title owner of the Culver City Property, in which are stored "various artwork, rare books and antiques" (the "*Inventory* ") (*Id.,* ¶ 19); and

(h) Richard Taxe is at least a 50% owner of the Inventory, which was acquired during his marriage to Debtor and constitutes, at least in part, community property of the estate (*Id.*).

Plaintiff sought turnover of the community property pursuant to [§§ 541](#) and [542](#), including the Kandinsky Painting, which Ronald Taxe and/or Richard Taxe

Case 2:16-bk-20721-BB Doc 100-1 Filed 03/10/17 Entered 03/10/17 16:49:02 Desc
Exhibit Exhibit and Proof of Service Page 3 of 12

In re Kellogg-Taxe, Slip Copy (2014)

refused to turn over; the Gemstones, which Richard refused to turn over; any interest Richard Taxe had in Dwarfco as community property, including Dwarfco's secured claim against the Boron Property, documentation for which Richard and Ronald Taxe refused to turn over; and Debtor's and Richard Taxe's interest in Massrock and Massrock's assets and property, including the Inventory and the Massrock Account. *Id.,* ¶¶ 5–7.

In addition, the Plaintiff sought declaratory relief as follows: (a) that Ronald Taxe has no right or claim to, interest in, or lien against the property of Dwarfco and/or successors in interest to Dwarfco, including the Note and any secured claim against the Boron Property; (b) that Ronald Taxe has no right or claim to, interest in, or lien against the property of Massrock, including the Inventory and Massrock Account; (c) that the property of Dwarfco and/or successors in interest to Dwarfco, including the Note and any secured claim against the Boron Property, is community property that should be administered in the Debtor's Estate; (d) that the property of Massrock is community property that should be administered in Debtor's Estate; (e) that Massrock is a sham corporation; and (f) that Dwarfco is a sham corporation. *Id.,* ¶¶ 7–8.

A summons was issued on October 11, 2013. *See* Adv. Docket No. 2. The summons and complaint were timely served on Defendants on October 14, 2013. *See* Adv. Docket No. 3. Plaintiff extended the answering deadline to November 15, 2013. *See* Declaration of Christian T. Kim, ¶ 2 (attached to Motion). Defendant Richard Taxe filed a timely answer on November 15, 2013 (Adv. Docket No. 8); and Defendants Ronald and Dwarfco filed their answer untimely on November 19, 2013 (Adv. Docket No. 9). Massrock did not file an answer.

On November 14, 2013, Plaintiff filed her Motion, in which she requested an order preliminarily enjoining Defendants from:

(a) Transferring any shares or inventory of Dwarfco or any interest in the Dwarfco Note and DOT and requiring them to turn over all original documents with respect to Note and DOT;

(b) Transferring any shares or inventory of Massrock or any interest in the Culver City Property and requiring them to turn over all original documents with regard thereto; and

*4 (c) Selling any of the Inventory located in the Culver City Property as of the date of Debtor's bankruptcy filing (December 18, 2012).

The Motion further requests an order:

(d) Appointing a receiver and authorizing the receiver to liquidate the assets of Dwarfco and Massrock and the Inventory that was located at the Culver City Property at the time of Debtor's bankruptcy filing pending the outcome of this adversary proceeding or the entry of a further Court order;

(e) Requiring Defendants to turn over to the Trustee possession of the Kandinsky painting described by Richard Taxe in his FRBP 2004 examination to be held in trust pending the resolution of this adversary proceeding;

(f) Requiring Defendants to turn over to the Trustee possession of all Gemstones that were in the physical possession of Richard Taxe as of the Debtor's bankruptcy filing, to be held in trust pending the resolution of this adversary proceeding; and

(g) Requiring Defendants to provide an accounting of any post-petition sales of any property that is the subject of this Motion.

The Notice of Motion and Motion were served on Defendants on November 14, 2013. Notice was defective by one day and challenged by Defendants Ronald Taxe and Dwarfco. *See* Adv. Docket No. 10. The Court continued the hearing to December 19, 2013 to allow for proper notice. The Court entered an interim order on December 6, 2013, granting the Plaintiff's Motion in part until the continued hearing date. [6] *See* Adv. Docket No. 14. Defendants Ronald Taxe, Dwarfco, and Massrock filed a timely opposition, with Defendant Richard Taxe filing a supporting declaration. [7] *See* Adv. Docket Nos. 16, 17. Plaintiff filed a timely reply. *See* Adv. Docket No. 18.

On November 18, 2013, Massrock filed a voluntary chapter 11 petition (Case No. 2:13–bk–37648–RN). As a result of Massrock's filing, Plaintiff withdrew, without prejudice, her Motion against Massrock. [8] Reply at 5.

In re Kellogg-Taxe, Slip Copy (2014)

Case 2:16-bk-20721-BB    Doc 100-1    Filed 03/10/17    Entered 03/10/17 16:49:02    Desc
Exhibit Exhibit and Proof of Service    Page 4 of 12

At the December 19, 2013 hearing, the Court heard arguments from counsel and took the matter under submission.

If any of the above findings of fact are subsequently determined to be conclusions of law, they shall be deemed to be so designated.

## IV. CONCLUSIONS OF LAW

### A. *Preliminary Injunction*

A motion for a preliminary injunction can be brought pursuant to Federal Rule of Civil Procedure 65, which is incorporated by Federal Rule of Bankruptcy Procedure 7065. "The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981). A preliminary injunction imposed according to the procedures outlined in FRCP 65 has a limited lifespan, dissolving *ipso facto* when a final judgment is entered in the case. *U.S. Philips Corp. v. KBC Bank N.V.,* 590 F.3d 1091, 1093 (9th Cir.2010) (citing *Sweeney v. Hanley,* 126 F. 97, 99 (9th Cir.1903)).

 **\*5**  The movant has the burden, by a clear showing, that a preliminary injunction is proper. *See Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam) (citation omitted). For a preliminary injunction to issue, a movant must establish (a) that she is likely to succeed on the merits, (b) that she is likely to suffer irreparable harm in the absence of preliminary relief, (c) that the balance of equities tips in her favor, and (d) that an injunction is in the public interest (the "*Winter* Test"). *Winter v. NRDC, Inc.,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) (citations omitted).

Alternatively, when a plaintiff demonstrates a strong likelihood of prevailing on the merits, a preliminary injunction may be entered based on a likelihood of irreparable harm. *Winter,* 555 U.S. at 21. In applying this sliding scale, the Supreme Court rejected the Ninth Circuit's use of "possibility" of irreparable harm for the more stringent requirement of "likelihood" of irreparable harm explaining that the former is too lenient and is inconsistent with the Supreme Court's characterization that injunctive relief is an extraordinary remedy that is never awarded as a matter of right. *Id.* at 22 (citing *Munaf v. Geren,* 553 U.S. 674, 689–90, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008)).

### 1. *Likelihood of Succeeding on the Merits*

Plaintiff seeks a preliminary injunction to preserve the status quo prior to the trial on her Complaint for turnover. Plaintiff brought her adversary proceeding for turnover against Defendants pursuant to §§ 541 and 542. Section 541 provides that property of the estate includes all interests of the Debtor and the Debtor's spouse in community property as of the commencement of the case. 11 U.S.C. § 541(a)(2). Under California law, all property, wherever situated, acquired by a married person during the marriage while domiciled in the state is community property. Cal. Fam.Code § 760. California law presumes that all property acquired during marriage is community property unless it falls within a limited list of specific exceptions, one of which is separate property. *In re Marriage of Haines,* 33 Cal.App. 4th 277, 289 (1995). The burden is on the spouse asserting its separate property character to overcome the presumption. *In re Marriage of Mix,* 14 Cal.3d 604, 610–11 (1975).

Here, Debtor and Richard Taxe married in 1984. Therefore, all property acquired by either spouse after that date is presumed to be community property absent evidence or an agreement to the contrary.

Plaintiff has pled sufficient evidence to prove that the Kandinsky Painting (acquired in or about 2009) and Gemstones (acquired in or about 1993) are community property and thus property of the Debtor's estate. *See supra,* II. Defendants do not appear to contest this conclusion. Reply at 2.

In addition, Plaintiff proffered sufficient evidence that Debtor has an interest in Dwarfco (formed in 1990), including any income received from the Dwarfco Note and DOT. Debtor claimed a 50% interest in Dwarfco in her prior bankruptcy schedules under penalty of perjury, and also claimed an interest in the Dwarfco Note and DOT. *See supra,* II. Defendant Ronald Taxe states in his declaration that he and his wife own stock in Dwarfco. *See* Declaration of Ronald Taxe ("*Ronald Taxe Decl.*"), ¶ 7. However, he does not state that they own 100% of the stock. Debtor did not file a declaration regarding this issue. As such, there is no evidence that Ronald Taxe and his wife own 100% of the stock. Defendants have failed to

In re Kellogg-Taxe, Slip Copy (2014)

Case 2:16-bk-20721-BB    Doc 100-1    Filed 03/10/17    Entered 03/10/17 16:49:02    Desc
                         Exhibit Exhibit and Proof of Service    Page 5 of 12

present sufficient evidence contradicting Debtor's alleged 50% interest in Dwarfco and the Dwarfco Note and DOT.

**\*6** Debtor's and Richard Taxe's interest in Massrock (formed in 1996) also appears to be community property and therefore property of the Debtor's estate, but the Culver City Property does not. Debtor's prior bankruptcy schedules show Debtor's 50% interest in Massrock. [9] *See* Pl.'s RJN, Exhs. 1, 3, 5. Moreover, Defendants' Opposition admits that Richard Taxe is a "minority shareholder" of Massrock, and therefore that Plaintiff is entitled to her share of any dividends distributed by Massrock. Opp'n at 4. However, Ronald Taxe states that he, and not Massrock, owns the Culver City property, and that the personal items contained therein are his. Ronald Taxe Decl., ¶¶ 4–6. Plaintiff does not present any evidence to contradict Ronald Taxe's claim that the Culver City Property is currently owned by him. [10] Based on the evidence submitted, it appears Debtor has an interest in Massrock, but not the Culver City Property.

As for the Inventory located in the Culver City Property, Plaintiff's sole evidence is contained within the Declaration of Bruce Taylor. Defendants challenge Mr. Taylor's motives and his standing as a creditor in Debtor's case, but do not conclusively rebut Plaintiff's allegations regarding ownership of the Inventory. The Court lacks sufficient evidence to determine whether Plaintiff is likely to succeed on the merits as to the Inventory. Therefore, the Court declines at this time to preliminarily enjoin Defendants as regards the Inventory.

Plaintiff has shown a likelihood of succeeding on the merits in her action for turnover of the Kandinsky Painting, the Gemstones, any interest Debtor and/or Defendant Richard Taxe has, or may have had, in Dwarfco, including Dwarfco's Note and DOT, and Debtor's and Richard Taxe's interest in Massrock, but not the Culver City Property or Massrock's other assets. The Court declines to rule on the Inventory held at the Culver City Property at this time.

### 2. *Likelihood of Suffering Irreparable Harm in the Absence of Preliminary Relief; Balance of Equities; and Public Interest*

The remaining factors of the *Winter* test support Plaintiff's request for a preliminary injunction.

This case is Debtor's fifth bankruptcy case, which was filed on December 18, 2012 and subsequently converted to chapter 7 on January 24, 2013. Plaintiff argues that despite disclosing her interest in Dwarfco and Massrock in four prior chapter 13 filings, Debtor failed to disclose her interest in those assets in the pending case. *See* Pl.'s RJN at Exhs. 1–3, 5–6. Additionally, Plaintiff argues Debtor undervalued her "jewelry" at $1,000 (not including the valuation of the Gemstones), and failed to schedule the Kandinsky Painting altogether. *See id.* at Exh. 6.

Plaintiff contends that Debtor's failure to disclose is once again an attempt by Debtor to hide and devalue assets. Mot. at 16. Based on this history, the Plaintiff argues that an injunction is necessary to prevent Debtor, Richard Taxe, and Ronald Taxe from dissipating, disposing, or otherwise transferring the interest of the Debtor's estate in the disputed property. Without an injunction, Plaintiff contends that the estate will likely be irreparably harmed as Debtor and Defendants will likely continue to do everything in their power to prevent Plaintiff from acquiring the disputed property for the benefit of the Debtor's estate and the creditors entitled to share in those assets.

**\*7** The estate may suffer irreparable harm based on Richard Taxe's admission that he is trying to sell the Kandinsky Painting, *see* Dumas Decl., Exh. A, 51:11–13; that he frequently trades the Gemstones and has only "some" left (that are either in his possession or his brother's), *see generally* Dumas Decl. at Ex. A. Debtor also failed in the pending bankruptcy case to disclose her interest in Dwarfco and Massrock, and any income they may be generating from them and/or any community property that may be held on Dwarfco's or Massrock's premises or at the Culver City Property.

In addition, as a result of Debtor's conduct and the likelihood of Plaintiff's prevailing and of the irreparable harm to the estate and its creditors if the preliminary injunction is not granted, the balance of equities tips in Plaintiff's favor. However, Plaintiff is silent on the public interest to be considered in granting a preliminary injunction. Nevertheless, based on Plaintiff's Motion, it appears that granting such an injunction would ensure that the assets are preserved for the Debtor's estate and its creditors, a concept that has considerable support as a matter of public interest. [11]

In re Kellogg-Taxe, Slip Copy (2014)

Case 2:16-bk-20721-BB    Doc 100-1    Filed 03/10/17    Entered 03/10/17 16:49:02    Desc
Exhibit Exhibit and Proof of Service    Page 6 of 12

Therefore, the Court finds that the *Winter* Test is satisfied and preliminarily enjoins Defendants Richard Taxe, Ronald Taxe, and Dwarfco from: (i) transferring the Kandinsky Painting and Gemstones; (ii) transferring any shares or inventory of Dwarfco, or any interest in the Dwarfco Note and DOT, and requiring them to turn over all original documents with respect to the Dwarfco Note and DOT; and (iii) transferring any shares or interest in Dwarfco or Massrock. However, with respect to the Inventory held at the Culver City Property and Massrock's assets, the Court declines to rule at this time due to the § 362 stay in Massrock's bankruptcy case.

### B. *Appointment of Receiver*

Plaintiff also seeks an order appointing a receiver and authorizing the receiver to liquidate the assets of Dwarfco and the Inventory located at the Culver City Property at the time of Debtor's bankruptcy filing, pending the outcome of this adversary proceeding or a further order of this Court.

No controlling Ninth Circuit case addresses this issue. Section 105(b) expressly provides that "a court may not appoint a receiver in a case under this title." Nevertheless, "[t]his section only prohibits appointment of a receiver in a case under title 11. It does not prohibit the appointment of a receiver in a related adversary proceeding if otherwise authorized and appropriate." 2 *Collier on Bankruptcy* ¶ 105.06 (16th ed.2011) (citing *Craig v. McCarty Ranch Trust ( In re Cassidy Land & Cattle Co.),* 836 F.2d 1130, 1133 (8th Cir.1988) and *In re Mem'l Estates, Inc.,* 797 F.2d 516, 520 (7th Cir.1986)). [12]

In *In re Cassidy Land & Cattle Co.,* the Eighth Circuit held that that "[t]he power of the bankruptcy judge precluded by section 105(b) of the Bankruptcy Code is the power to appoint a receiver *in lieu of a trustee.*" 836 F.2d at 1133 (citing *In re Mem'l Estates, Inc.,* 797 F.2d at 520) (emphasis added). Despite this limitation, the Eighth Circuit further clarified that Section 105(b) does not preclude a bankruptcy court from appointing "a receiver at the request of the trustee for the limited purpose of administering the mortgaged property pending disposition of the foreclosure proceeding." *Id.*

*8 In support of her request, Plaintiff cites to California law, arguing that a court may appoint a receiver for numerous reasons, including "[w]here a corporation is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights" and "[i]n all other cases where necessary to preserve the property or rights of any party." Cal.Code Civ. Proc. §§ 564(b)(6), (b)(9). [13]

Here, Plaintiff argues that appointing a receiver is warranted with respect to Dwarfco and its assets. Dwarfco is a revoked corporation that has forfeited any right to transact business and is not a debtor in its own bankruptcy case. Plaintiff, as Trustee, has an obligation to maximize the Debtor's estate's interest in the Dwarfco Note and DOT, which is currently at issue in the Carlton bankruptcy. *See supra,* note 4.

As noted above, Plaintiff has voluntarily withdrawn her Motion as to Massrock, which is currently involved in its own chapter 7 case.

With respect to the assets held at the Culver City Property, Plaintiff argues that creditor Harriet Goslins will have foreclosed on the Culver City Property well before this adversary proceeding is resolved. As a result, the assets stored at the Culver City Property will need to be moved and stored at a new location.

Defendants do not address the receiver issue, and Plaintiff only cites State law reasons for appointing a receiver. Plaintiff does not address whether her request for the appointment of receiver would violate § 105(b) or case law, or would otherwise replace her functions as chapter 7 trustee.

Nevertheless, the Court finds that appointing a receiver is warranted for the limited purpose of taking possession of and preserving Dwarfco's assets and inventory. [14] Appointing a receiver for this limited purpose would protect the interests of Debtor's estate and of creditors, without overlapping with Plaintiff's functions as Trustee. *See In re Mem'l Estates, Inc.,* 797 F.2d at 520 (authorizing a bankruptcy court's appointment of a receiver pending resolution of a foreclosure action, in part because the receiver was "not engaged in liquidation, which normally is the function of the trustee rather than a receiver").

Therefore, the Court grants Plaintiff's request for a receiver for the limited purpose of taking possession of and preserving Dwarfco's assets and inventory, but denies Plaintiff's request to allow the receiver to liquidate any property turned over to Plaintiff prior to the resolution of

Case 2:16-bk-20721-BB Doc 100-1 Filed 03/10/17 Entered 03/10/17 16:49:02 Desc
Exhibit Exhibit and Proof of Service Page 7 of 12

In re Kellogg-Taxe, Slip Copy (2014)

disputes as to title to any such property in this adversary proceeding or further order of this Court.

### C. *Additional Relief*

Plaintiff further requests the following relief:

(1) Requiring Defendants to turn over to the Trustee possession of the Kandinsky Painting to be held, in trust, pending the resolution of this case.

(2) Requiring Defendants to turn over to the Trustee possession of all Gemstones that were in the physical possession of Richard Taxe as of date of Debtor's bankruptcy filing to be held, in trust, pending the resolution of this case.

**\*9** (3) Requiring Defendants to provide an accounting of any post-petition sales of property that is the subject of this Motion.

The Court grants requests (1), (2), and (3) above (except as to Defendant Massrock) given Richard Taxe's testimony that he is attempting to sell the Kandinsky Painting and that he frequently trades the Gemstones, of which only "some" remain. The Court also finds grounds to require Defendants Richard Taxe, Ronald Taxe, and Dwarfco to provide an accounting of any post-petition sales or encumbrances of any property that is the subject of this Motion. In prosecuting her adversary proceeding, Plaintiff will conduct discovery to determine any post-petition sales of any property that is the subject of this Motion and of her Complaint. A good starting point will be the requested accounting.

If any of the above conclusions of law are subsequently determined to be findings of fact, they shall be so designated.

### V. CONCLUSION

In light of the foregoing, the Court grants in part and denies in part Plaintiff's Motion. Until further order of this Court preliminarily enjoins Richard Taxe, Ronald Taxe, and Dwarfco from transferring, disposing of, or hypothecating the following assets:

a. The shares of Dwarfco;

b. The assets and inventory of Dwarfco;

c. That certain Note and DOT and assignment of rents in favor of Dwarfco as described in the Motion and recorded in the County of Kern as Document No. 0208089126;

d. The shares of stock in Massrock;

e. The Kandinsky Painting; and

f. All Gemstones within the possession, custody, or control of Richard Taxe, Ronald Taxe, or Dwarfco.

The Court also orders that the Kandinsky Painting and the Gemstones be turned over to Plaintiff, to be held in trust pending the resolution of the current adversary proceeding or further order of this Court. The Court further orders Richard Taxe, Ronald Taxe, and Dwarfco to provide an accounting of any and all post-petition sales or encumbrances of any real or personal property that is the subject of this Motion.

The Court grants in part Plaintiff's request for a receiver for the limited purpose of taking possession of and preserving Dwarfco's assets and inventory, pending the resolution of this adversary proceeding or further order of this Court. The Court denies Plaintiff's request to allow the receiver to liquidate any potential community property of the estate prior to the resolution of this adversary proceeding or further order of this Court.

The foregoing constitutes the Findings of Fact and Conclusions of Law and based thereon Plaintiff's counsel is directed to prepare and submit an order consistent with this Memorandum of Decision.

**All Citations**

Slip Copy, 2014 WL 1329822

Footnotes

1   Although he did not join the other Defendants in opposing Plaintiff's Motion, Richard Taxe submitted a supporting declaration. *See* Adv. Docket No. 17.

In re Kellogg-Taxe, Slip Copy (2014)

Case 2:16-bk-20721-BB    Doc 100-1    Filed 03/10/17    Entered 03/10/17 16:49:02    Desc
Exhibit Exhibit and Proof of Service    Page 8 of 12

2   Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. "Rule" references are to the Federal Rules of Bankruptcy Procedure ("*FRBP*"), which make applicable certain Federal Rules of Civil Procedure ("*F.R.Civ.P.*"). "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("*LBR*").

3   The Debtor's four prior bankruptcy filings include:

| Case No. | Date Filed | Date Dismissed |
| --- | --- | --- |
| 2:09–bk–29787–EC | July 30, 2009 | October 16, 2009 |
| 2:12–bk–33767–NB | July 12, 2012 | August 20, 2012 |
| 2:12–bk–40808–SK | September 10, 2012 | October 1, 2012 |
| 2:12–bk–44947–WB | October 17, 2012 | January 29, 2012 |

4   Dwarfco is a revoked Nevada corporation and the beneficiary to a deed of trust ("*Dwarfco DOT*")with a secured claim of approximately $1,139,286.26 that encumbers real property in Boron, California ("*Boron Property*"), currently owned by Carlton Global Resources, LLC ("*Carlton*").Mot. at 8. In her chapter 13 schedules, Debtor claims that mortgage income on account of her ownership interest in Dwarfco would resume after the completion of Carlton's chapter 7 bankruptcy (Case No. 6:10–bk–48739–SC). *See* Plaintiff's Request for Judicial Notice ("*Pl.'s RJN*"), Exh. 8. No payments have been made to Debtor's estate in connection with the Dwarfco DOT since at least the conversion of the Debtor's bankruptcy case. *See* Declaration of Carolyn A. Dye ("*Dye Decl.*"), ¶ 5. On August 15, 2013, the Carlton bankruptcy was converted to a chapter 7 case. *See* Pl.'s RJN, Exh. 10.

5   Dwarfco's corporate charter was revoked in 2007. *See* Pl.'s RJN, Exh. 11. Because of Dwarfco's revoked status, Plaintiff "alleges that Richard and/or Ronald, as individuals, are successors in interest to any secured claim Dwarfco may have against the Boron Property," and that any interest in Dwarfco asserted by Debtor or Richard Taxe in the Carlton bankruptcy is community property of the estate. Compl., ¶¶ 16–17.

6   The Court's December 6, 2013 interim order (Adv. Docket No. 14) provided that:
   1) Defendants shall be enjoined from selling, transferring, disposing of or hypothecating the following assets and as described in the Motion:
   a. The shares of Dwarfco and Massrock;
   b. The assets and inventory of Dwarfco and Massrock;
   c. Any gemstones within the possession, custody or control of any of Defendants;
   d. Any antiques or artwork within the possession, custody or control of any of Defendants;
   e. Any antiques, artwork or gemstones located at the Culver City Property;
   f. That certain deed of trust and assignment of rents in favor of Dwarfco as described in the Motion and recorded in the County of Kern as Document No. 0208089126.
   2) The injunction specified herein shall expire at the close of business on December 19, 2013, unless further extended by the Court.
   3) Defendants may file a supplemental opposition to the Motion by no later than December 9, 2013.
   4) Plaintiff may file a reply brief by no later than 12/12/2013.

7   Defendant Dwarfco appears to be a revoked Nevada corporation. Pursuant to F.R.Civ.P. 17(b)(2), which is incorporated by FRBP 7017, a corporation's capacity to sue or be sued is determined by the law of the state in which it was organized. Nevada law expressly provides that a revoked corporation's right to transact business is forfeited. Nev.Rev.Stat. § 78.175(2) (2013). As a result of Dwarfco's revoked status, the Court does not consider Dwarfco's opposition in ruling on Plaintiff's Motion.

8   On December 9, 2013, the United States Trustee filed a motion to dismiss or convert Massrock's case pursuant to § 1112(b)(1). On December 19, 2013, Creditor Harriet Goslins and Janey Sweet filed a motion to dismiss Massrock's chapter 11 case with a bar on refiling. The Court denied Goslins' and Sweet's motion but granted the United States Trustee's motion. An order converting Massrock's case to chapter 7 was entered on February 18, 2014.

9   Because of Massrock's pending bankruptcy case, Plaintiff has voluntarily withdrawn her Motion as to Massrock and Massrock's assets, without prejudice should Massrock's bankruptcy case be dismissed. Nevertheless, Plaintiff's withdrawal does not alter her request as to turnover of Richard Taxe's share certificates in Massrock. Reply at 5.

10   However, Massrock's interest in the Culver City Property appears to have been extinguished when Harriet Goslins, et al. successfully quieted title thereto, as evidenced by a state court judgment entered on July 9, 2013. *See* Defendant's Request for Judicial Notice, Exh. 3.

Case 2:16-bk-20721-BB    Doc 100-1    Filed 03/10/17    Entered 03/10/17 16:49:02    Desc
Exhibit Exhibit and Proof of Service    Page 9 of 12

In re Kellogg-Taxe, Slip Copy (2014)

11 "Indeed, courts have found there is a strong public interest in the preservation of a debtor's assets for the purpose of paying creditors...." *In re Howard,* 422 B.R. 593, 605 (Bankr.W.D.Pa .2010), *aff'd,* Case No. 2: 10CV962, 2011 WL 578777 (W.D.Pa. Feb. 9, 2011) (citing *In re Metiom, Inc.,* 318 B.R. 263, 272 (S.D.N.Y.2004)).

12 *See also Balakian v. Balakian,* Case No. CV–F–07–1011 OWW, 2008 WL 2705393 (E.D.Cal. July 8, 2008), *decision modified on reh'g,* Case No. CV–F–07–1011 OWW, 2008 WL 4539481 (E.D.Cal. Oct. 10, 2008) ("Although 11 U.S.C. § 105(b) precludes appointment of a receiver 'in a case under this title,' section 105(b) does not preclude appointment of a receiver in an adversary proceeding to foreclose a lien ..." (citing *In re Cassidy Land and Cattle Co., Inc.,* 836 F.2d at 1133).)

13 Plaintiff erroneously cites to Code of Civil Procedure § 565 in her Motion. (Mot. at 19.)

14 Because of the § 362 stay in Massrock's bankruptcy case, the Trustee is enjoined from taking possession or controlling Massrock's assets. However, should Massrock exit bankruptcy or if its § 362 stay is modified or terminated, the Trustee may exercise her right to ask the Court for an order expanding the receiver's duties to take possession and preserve Massrock's assets for the benefit of the Debtor's estate and its creditors. The Court also finds that a receiver is not warranted to take possession of and preserve the Inventory located at the Culver City Property. Plaintiff has not presented sufficient evidence at this time that the Inventory is community property and therefore property of Debtor's estate.

---

**End of Document**    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, CA 9136**7.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ENTRY OF AN ORDER: (1) AUTHORIZING THE PRIVATE SALE OF PERSONAL PROPERTY FREE AND CLEAR OF ALL LIENS, INTERESTS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) AND (f); AND (2) DETERMINING THAT BUYER IS ENTITLED TO A GOOD FAITH DETERMINATION PURSUANT TO 11 U.S.C. §363(m); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ROSENDO GONZALEZ, THEODORE LANES, AND DAVID SEROR IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 10, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Neil C Evans    evanstnt@aol.com
Rosendo Gonzalez (TR)    rgonzalez@ecf.epiqsystems.com, itran@gonzalezplc.com, khernandez@gonzalezplc.com, rossgonzalez@gonzalezplc.com
Haydee Garbero Hooten    hdg@moorebrewer.com, cl@moorebrewer.com;cg@moorebrewer.com
Ron Maroko    ron.maroko@usdoj.gov
John Mendonza    jm@mendonzalaw.com
Mark P Romano    mromano@rslemonlaw.com, avalitskaya@rslemonlaw.com
Spencer P Scheer    sscheer@scheerlawgroup.com
Fred W Schwinn    fred.schwinn@sjconsumerlaw.com, fschwinn@gmail.com
Melanie Scott    melanie.scott@usdoj.gov
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Bethany Wojtanowicz    bethanyw@w-legal.com
Robert J Wood    rjwood@boutinjones.com, skelley@boutinjones.com
Hatty K Yip    hatty.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **March 10, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 10, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**BY PERSONAL DELIVERY**

Honorable Sheri Bluebond
United States Bankruptcy Court
Los Angeles Division
255 East Temple Street, Suite 1482
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 10, 2017 | MELA ZEPEDA | /s/ Mela Zepeda |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**BY UNITED STATES MAIL**

Debtor
Creditors Specialty Service, Inc.
32023 Crown Valley Road
Acton, CA 93510-1928

Buyer
Fidelity Creditor Service
Attn: Clint Sallee
441 N. Varney Street, 2nd Floor
Burbank, CA 91502

Secured Creditor
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Judgment Creditor
SAFE Credit Union
Robert J. Wood, Esq.    **(VIA NEF)**
BoutinJones Inc.
555 Capitol Mall, Suite 1500
Sacramento, CA  95814

Judgment Creditor
Steven A. Simons Esq.
Law Office of Steven A. Simons
P.O. Box 33623
Granada Hills, CA 91394

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Chevron Federal Credit Union
c/o Prober & Raphael, ALC
P.O. Box 4365
Woodland Hills, CA 91365-4365

Internal Revenue Service
300 N. Los Angeles St STOP 5022
Los Angeles, CA 90012-3478

Matthew Taing, Sheldon Crumpler
Natasha McLaughlin, Denise Newton
c/o David Krieger, Haines and Krieger
8985 S. Eastern Avenue
Henderson, NV 89123-4897

Prentis Alexander
c/o Bay Area Legal Aid
1035 Market Street, 6th Floor
San Francisco, CA 94103-1600

The Fullman Firm, PC.
11580 Trask Avenue
Garden Grove, CA 92843-3837

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

SAFE Credit Union
2295 Iron Point Road
Folsom, CA 95630-8767

Angel Squatrito
c/o Steven A. Simons, Esq.
16933 Parthenia Street Suite 202
Northridge, CA 91343-4569

Karen Tomlin
c/o Jonathan Stieglitz
11845 Olympic Boulevard Suite 750
Los Angeles, CA 90064-5035

Moraima Fielder and Alan Fielder
c/o Romano Stancroff    **(VIA NEF)**
360 N. Sepulveda Boulevard Suite 1010
El Segundo, CA 90245-4413

Provident Credit Union
Spencer P. Scheer, Esq.    **(VIA NEF)**
c/o Scheer Law Group
155 N. Redwood Dr. Suite 100
San Rafael, CA 94903-1966

Silver State Credit Union
c/o Aaron Waite
6785 S. Eastern Avenue Suite 4
Las Vegas, NV 89119-3947

Creditors Specialty Service, Inc.
32023 Crown Valley Road
Acton, CA 93510-1928

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

Silver State Schools Credit Union
c/o Weinstein & Riley
2001 Western Avenue, Suite 400
Seattle, WA 98121-3132

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

Angel Squatrito
c/o Steven A. Simons, Esq.
16933 Parthenia Street Suite 202
Northridge, CA 91343-4569

Ari Blank
c/o Todd Friedman
8730 Wilshire Boulevard Suite 310
Beverly Hills, CA 90211-2710

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento CA 95812-2952

Makaeff
c/o Gilliam Law Firm
10866 Wilshire Boulevard Suite 400
Los Angeles, CA 90024-4338

The Fullman Firm, PC
11580 Trask Avenue
Garden Grove, CA 92843

Victor Rodas
c/o SmithMarco
205 N.Michigan Avenue Suite 2940
Chicago, Il 60601-5924

Wells Fargo Financial Leasing, Inc.
800 Walnut Street MAC N005-055
Des Moines, IA 50309-3891

Marites Montemayor Garcia
c/o Fred Schwinn    **(VIA NEF)**
12 S. 1st Street, Suite 1014
San Jose, CA  95113

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                   **F 9013-3.1.PROOF.SERVICE**