DAVID SEROR – Bar No. 67488
JESSICA L. BAGDANOV– Bar No. 281020
JOSEPH ROTHBERG – Bar No. 286363
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:    dseror@bg.law
          jbagdanov@bg.law
          jrothberg@bg.law

Attorneys for Rosendo Gonzalez, Chapter 7 Trustee

**FILED & ENTERED**

**NOV 14 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CREDITORS SPECIALTY SERVICE, INC.,<br><br>Debtor. | Case No. 2:16-bk-20721-BB<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION BY CHAPTER 7 TRUSTEE TO (1) APPROVE SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, INTERESTS, CLAIMS, AND ENCUMBRANCES WITH SUCH LIENS, INTERESTS, CLAIMS, AND ENCUMBRANCES TO ATTACH TO PROCEEDS PURSUANT TO 11 U.S.C. §§ 363(H) AND (F); (2) APPROVE OVERBID PROCEDURES; (3) DETERMINE THAT BUYER IS ENTITLED TO PROTECTION PURSUANT TO 11 U.S.C. § 363(M); AND (4) APPROVE ATTACHED STIPULATION AUTHORIZING SALE PURSUANT TO § 363(H)**<br><br>Hearing Held:<br><br>Date: November 6, 2019<br>Time: 10:00 a.m.<br>Place: Courtroom 1539<br>   United States Bankruptcy Court<br>   255 E. Temple Street<br>   Los Angeles, CA 90012 |

1

2207694

The *Motion by Chapter 7 Trustee to (1) Approve Sale of Real Property Free and Clear of All Liens, Interests, Claims, and Encumbrances with such Liens, Interests, Claims, and Encumbrances to Attach to Proceeds Pursuant to 11 U.S.C. §§ 363(h) and (f); (2) Approve Overbid Procedures, (3) Determine that Buyer is Entitled to Protection Pursuant to 11 U.S.C. § 363(m), and (4) Approve Attached Stipulation Authorizing Sale Pursuant to 11 U.S.C. § 363(h)* [Doc. #162] (the "Motion"), filed on behalf of Rosendo Gonzalez, Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Creditors Specialty Services, Inc. ("Debtor"), duly came on for hearing on November 6, 2019 at 10:00 a.m., in Courtroom 1539 of the above-entitled Court, the Honorable Sheri Bluebond, United States Bankruptcy Judge, presiding.  David Seror and Joseph Rothberg, of the firm Brutzkus Gubner, appeared on behalf of the Trustee.  Thomas Mouzes, Esq. appeared on behalf of lienholder SAFE Credit Union ("SAFE").  Robert Slechter ("Slechter") appeared *in pro per* as the co-owner of the Property.

The Court having read and considered the Motion, and all papers and pleadings filed in support thereof; having received evidence both oral and documentary, having further heard and considered the arguments made by the parties at the hearing; having considered the *Statement of Position/Conditional Objection of Safe Credit Union to Trustee's Motion For Order Authorizing Sale, Etc. of Real Property Free and Clear of Liens, Etc.* [Doc. #167] (the "SAFE Response") and the *Objection* [Doc. #168/169] (the "Co-Owner Objection"), filed by Slechter, and the Trustee's Omnibus Reply thereto [Doc. #170]; finding that notice of the Motion was appropriate and sufficient; after due deliberation and setting forth its findings, conclusions and reasons on the record and in its tentative ruling posted prior to the hearing; and good cause appearing therefor:

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.      This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Determination of the Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

B.      The statutory predicate for the relief sought by the Motion is § 363 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended ("Bankruptcy Code") and Rules

2207694

2002 and 6004 of the Federal Rules of Bankruptcy Procedure (each a "Bankruptcy Rule" and collectively the "Bankruptcy Rules").

C. Proper, timely, sufficient and adequate notice of the Motion and the transaction contemplated thereby has been provided in accordance with § 363 of the Bankruptcy Code and Rules 2002 and 6004 of the Bankruptcy Rules. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities. Such notice was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion is or shall be required.

D. Pursuant to the Judgment of this Court dated November 8, 2018 in Adv. No. 2:17-ap-01015-BB (the "Judgment"), a copy of which is attached as Exhibit 5 to the Trustee's Motion, the Estate is the owner of a one-half (50%) interest in the Real Property which is the subject of the Motion, 11171 Towne Avenue, Los Angeles, CA 90061, APN 6073-022-008 ("Real Property") more fully described in **Exhibit A** hereto.

E. Slechter is the owner of the other one-half (50%) interest in the Real Property, and consented to the Trustee's sale in that certain Stale Stipulation, attached as Exhibit 4 to the Motion (the "Sale Stipulation"), and further agreed to sign a quitclaim deed for his one-half interest during the hearing.

F. The Title Report dated June 19, 2019 attached as Exhibit 2 to the Motion (the "Title Report"), identifies encumbrances as follows:

| Date Recorded | Instrument No. | Lien Creditor | Principal Amount of Lien |
|---|---|---|---|
| 9/10/2007 | 07-2086082 | Citimortgage, Inc. ("Citi") | $70,000 (the "First Trust Deed") |
| 4/26/2010 | 10-558238 | United States of America (the "United States") | $14,197.93 (the "Tax Lien") |
| 4/25/2014 | 14-427464 | Angel Squatrito c/o Steven A. Simons, Esq. | $40,808.22 (the "Squatrito Released Lien") |
| 3/8/2016 | 16-250761 | Safe Credit Union ("SAFE") | $9,240 (the "Senior SAFE Lien") |
| 2/9/2017 | 17-167648 | Lis Pendens (in favor of the Estate, related to Judgment) | $839,608.05 (the "Lis Pendens") |
| 6/23/2017 | 17-701382 | Abstract of Judgment in favor of the Trustee for Stanley's contempt conduct during the CSS Action | $24,335 (the "Trustee's Contempt Judgment") |
| 2/2/2018 | 18-428320 | Safe Credit Union | $98,576.25 |
| 2/2/2018 | 18-428358 | Safe Credit Union | $872,310.51 |

3

G. The Trustee does not dispute the amount of the Tax Lien, however the Real Property may be sold free and clear of the Tax Lien because it is subordinated to allowed administrative priority claims of the Estate pursuant to section 724 of the Bankruptcy Code.

H. The Squatrito Released Lien has been released, as shown in Exhibit 3 to the Trustee's Motion. Thus, the Real Property may be sold free and clear of this encumbrance because such lien is no longer enforceable against the Real Property.

I. The Trustee's Judgment relates back to the date of the Lis Pendens, recorded against the Real Property on February 9, 2017.

J. The two junior liens in favor of SAFE, Instrument Nos. 18-428320 and 18-428358 were recorded against the Real Property on May 8, 2018 listing Charles Stanley as the "debtor" (the "Junior SAFE Liens"). Because the Junior SAFE Liens are junior in priority to the Trustee's Lis Pendens, which established that the Estate and not Charles Stanley was the owner of the Real Property as of February 9, 2017, the Junior SAFE Liens did not attach to the Real Property at the time they were recorded. Accordingly, the Real Property may be sold free and clear of these liens.

K. The terms and conditions of the sale of the Real Property as contemplated and described in the Amended Purchase and Sale Agreement and Escrow Instructions, dated September 3, 2019 (the "Purchase Agreement") attached as Exhibit 1 to the Motion are fair and reasonable.

L. There is a sound business purpose for the sale of the Real Property as contemplated by and described in the Purchase Agreement and as set forth in the Court's findings, conclusions and reasons stated on the record.

M. The sale of the Real Property as contemplated by and described in the Purchase Agreement and as set forth in the Court's findings, conclusions and reasons stated on the record, was proposed and negotiated in good faith and is in the best interests of the Estate and its creditors.

N. The Real Property was adequately marketed, however no overbidders participated in the sale hearing.

O. Prior to the hearing on the Motion, the Trustee received a deposit in the amount of $7,950 ("Deposit") from Ian Griffin, the Buyer under the Purchase Agreement (the "Buyer").

P.    Buyer has acted in good faith and the sale as contemplated and described in the Purchase Agreement, and as set forth in the Court's findings, conclusions and reasons stated on the record, is an arms-length transaction, without collusion.

Q.    The Trustee is authorized to sell the Real Property as Trustee of the Debtor's Estate.

R.    Additionally, Slechter holds a draft of insurance proceeds from an insurance carrier holding a policy covering damage to the Real Property that occurred prior to execution of the Purchase Agreement (the "Insurance Check"). Such proceeds should be split evenly between the Trustee and Slechter.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion is **GRANTED**, except for the proposed overbid procedures, which are **MOOT**.

2. Proper, timely, and sufficient notice of the Motion has been provided in accordance with Section 363 of the Bankruptcy Code and Rules 2002 and 6004 of the Bankruptcy Rules, and no other or further notice of the Motion is required.

3. The Purchase Agreement, which sets forth all sale agreement terms between the Trustee and Buyer, is hereby **APPROVED**;

4. The Sale Stipulation, which authorizes the Trustee to sell Slechter's ownership interest in the Real Property, attached as Exhibit 4 to the Motion, is hereby **APPROVED**.

5. The Trustee is authorized to sell, convey, assign, and transfer all of the Estate's right, title and interest in the Real Property for a purchase price of Two Hundred Fifty-Five Thousand Dollars **($255,000.00)** ("Purchase Price") to Buyer, on an **AS IS, WHERE IS** basis, without any warranties, expressed or implied, and without any contingencies, pursuant to Bankruptcy Code § 363(b), and pursuant to Bankruptcy Code § 363(f), free and clear of all liens, claims, interests, and encumbrances, including Slechter's one-half ownership in the Real Property, with such liens, claims, interests, and encumbrances to attach to the sale proceeds with the same priority and rights of enforcement as previously existed, if any.

6. The Trustee is specifically authorized to sell the Real Property free and clear of the

Tax Lien, as it is subordinate to allowed administrative claims of the Estate.

7. The Trustee is specifically authorized to sell the Real Property free and clear of the Squatrito Released Lien as it is no longer enforceable against the Real Property.

8. The Trustee is specifically authorized to sell the Real Property free and clear of the Trustee's Contempt Judgment, as the Trustee is the holder of such lien and has consented to the sale of the Real Property as contemplated by the Motion.

9. The Trustee is specifically authorized to sell the Real Property free and clear of the Junior SAFE Liens, and each of them, as they did not attach to the Real Property at the time they were recorded.

10. The Sale Stipulation is enforceable against Slechter, and Slechter is directed to sign a quitclaim deed transferring his ownership interest in the Real Property to Buyer, as shall be instructed by escrow.

11. Should Slechter refuse to sign such quitclaim deed, the Clerk of the Bankruptcy Court is hereby authorized and directed to sign such quitclaim deed on behalf of Slechter.

12. Slechter is directed to deliver the Insurance Check to the Trustee. The Trustee is authorized to endorse Charles Stanley's name on the Insurance Check, and after Citi has been fully paid on its lien, the Trustee is further authorized to negotiate the Insurance Check and pay 50% of the proceeds thereof to Slechter.

13. The Estate is entitled to the sum of $2,040.00, which represents the Estate's half of the rents earned with respect to the Real Property from November 2018 through the present date (the "Estate Rents").

14. The Trustee is further authorized to execute any and all documents necessary and appropriate to consummate the sale of the Real Property to Buyer, including but not limited to the execution of a quitclaim deed on behalf of the Estate.

15. The Trustee is authorized to direct escrow to pay from sale proceeds and directly from escrow as follows:

    a. Broker's commission of six percent (6%) of the Purchase Price, to be split evenly between the Buyer's broker and the Trustee's broker;

     b.   Normal closing costs, including but not limited to the Trustee's share of escrow charges, the cost of a standard coverage title insurance policy, recording fees, documentary transfer taxes, and other normal and customary charges, pro-rations, costs, and fees; and

     c.   The First Trust Deed in full, subject to the Trustee's review and approval of a final payoff demand submitted by Citi or the current servicer of the loan.

16.    After payment of the amounts listed in paragraph 15 *supra*, escrow shall pay one-half of the remaining sale proceeds, minus the sum of $2,040.00 (i.e., the Estate Rents), to Slechter (the "Co-Owner Proceeds").

17.    After payment of the Co-Owner Proceeds, the Trustee is authorized to direct escrow to pay from sale proceeds and directly from escrow the Senior SAFE lien in full, subject to the Trustee's review and approval of a final payoff demand submitted by SAFE.

18.    The remaining sum of sale proceeds, after the foregoing amounts are paid, shall be paid by escrow to the Trustee to be held for the benefit of the Estate.

19.    As set forth on the record, the Buyer has acted in good faith within the meaning of 11 U.S.C. § 363(m) and is thus granted all the protections and immunities afforded by that Section.

20.    Based upon the Court's findings, conclusions and reasons stated on the record, the Motion and Purchase Agreement are approved as they in the best interests of the Estate and its creditors and entry into the Purchase Agreement is a prudent exercise of the Trustee's business judgment.

21.    Any objections to the relief requested in the Motion and the entry of this Order that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, are hereby denied and overruled on the merits with prejudice based upon the Court's findings, conclusions and reasons stated on the record.

22.    This Court shall retain jurisdiction to enforce, interpret, and implement the terms of the Purchase Agreement, and each of the documents and instruments executed in connection therewith and with this order, and shall further retain jurisdiction to resolve any disputes that arise from entry of this Order.

2207694

///

23.    The Purchase Agreement may be modified, amended, or supplemented by the parties thereto without further order of this Court only by non-material modifications, amendments, or supplements that do not have an adverse effect on the Estate or its creditors.

**24.**    Based upon the Court's findings, conclusions and reasons stated on the record, the fourteen (14)-day stay as provided by Bankruptcy Rule 6004(h) is **WAIVED.**

25.    The findings of fact and conclusions of law stated herein and as set forth by the Court on the record during the hearing on this matter, shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

**IT IS SO ORDERED.**

\# \# \#

Date: November 14, 2019

_____
Sheri Bluebond
United States Bankruptcy Judge

1 | APPROVED AS TO FORM:

3 | By: _/s/ M. Gorton_____
4 | Thomas Mouzes
Robert Swanson
5 | Mark Gorton
Attorneys for SAFE Credit Union

Order Number: **TOR-5983877**
Page Number: 6

## LEGAL DESCRIPTION

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

LOT 328 OF TRACT 4449, IN THE CITY OF LOS ANGELES, AS PER MAP RECORDED IN BOOK 48 PAGES 44 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 6073-022-008

# EXHIBIT A  010

*First American Title*
Page 6 of 14